———o———

ENOCH BRADSHAW, et al., Plaintiffs in Error, vs. WILLIAM BRADBURY, Defendant in Error.

1. *Ambiguity, patent—Explanation of.*—Patent ambiguity cannot be explained by extrinsic evidence.

2. *Deeds, construction of—Words not technical, how to be taken.*—In ascertaining the intent of the maker of a deed, where the words employed are not technical, they must be taken in their usual acceptation.

3. *Deeds—Description in by words and figures—Which shall govern.*—In deeds as well as notes, where words and figures are used to describe the same thing, and are contradictory, the description by words will govern. Thus, where a deed conveyed "lot number (142) one hundred twenty-four (124)," the lot conveyed was held to be 124, and not 142.

*Error to Cole County Circuit Court*

*E. L. Edwards & Son*, for Plaintiffs in Error.

*J. L. Smith, Att'y Gen'l*, for Defendant in Error, cited: Jennings vs. Brizadin, 44 Mo. 332 ; Newsom vs. Prior, 7 Wheat. 10 ; Henry vs. Thompson, 6 Cow. 178 ; Seaman vs. Hogeboom, 21 Barb. 398.

HENRY, Judge, delivered the opinion of the court.

This was an action of ejectment, instituted in the circuit court of Cole county by plaintiffs, who are husband and wife, against defendant, to recover a lot of land in Jefferson City, described on the plat of said city as "lot No. 142." The petition is in the ordinary form, and the answer a general denial.

At an adjourned term of said court, held in November, 1874, there was a trial of said cause by the court without the intervention of a jury. Both parties claim under the State of Missouri.

Plaintiffs claim through James Logan, to whom George W. Miller, then Commissioner of the Permanent Seat of Government, on the 6th day of December, 1837, executed a deed, the effect of which will be considered hereafter. Cynthia Bradshaw was the widow of James Logan, and after his death intermarried with Enoch Bradshaw.

By his last will and testament James Logan devised to Cynthia, during her life, all of his real estate, and if he had any title to the lot in question it passed to Cynthia, under his last will, for her life. The plaintiffs introduced in evidence the deed from George W. Miller, Commissioner as aforesaid, to James Logan, which conveyed to said Logan (we quote the exact language of the deed) "the following described lot or parcel of ground, known and described on the plat of said city of Jefferson as lot number (142) one hundred twenty-four (124), for the sum of forty-two dollars."

There is nothing else in the deed indicating which lot the commissioner intended to convey, and the question is, which lot did the deed convey ? If it conveyed lot No. 124, the judgment of the circuit court was for the right party, and it is unne-

cessary to consider the other questions arising on instructions or the admission or exclusion of evidence.

No resort can be had to parol evidence to show which lot was intended by the description. If there is any ambiguity, it is patent. The rule that a deed is to be construed most strongly against the grantor would give the grantee one of the lots, but it would give him, not the one of his choice, but that one which, upon established rules of construction, it was the probable intention to convey. "When more than one description is given, and there is a discrepancy, that description will be adhered to as to which there is the least likelihood that a mistake could be committed, and that be rejected in regard to which mistakes are most apt to be made. (2 Washb. Real Prop. 631.)

"There is another principle applicable to the case. Here is a flat contradiction in the description, and then we ought to take that which is most stable and certain." (Spencer, J., Jackson vs. Loomis, 18 Johns. 86.)

In Story on Prom. Notes (§ 21), Judge Story, in regard to promissory notes, says: "Where the sum in figures on the superscription differs from the sum in words in the body of the instrument, the latter is by law deemed the true sum."

Marius gives as a reason for such a decision, which seems founded in common sense and experience, that a man is more apt to commit an error with his pen in writing a figure than he is in writing a word. Whether the same rule would apply if the sums were in figures in the body of the instrument, and in words in a memorandum or marginal note on the same, does not appear to have been decided, but it should seem that the words ought to be deemed the better and more solemn statement, and therefore ought to govern."

The reason given by Marius for the rule as applicable to promissory notes equally applies to deeds. Rules of construction are adopted with a view to ascertain the intention of the parties, and are founded in experience and reason, and not arbitrarily adopted. They are not intended to make terms for contracting parties, but simply to ascertain what the language means which they have employed in their contracts. There are

words in deeds as in notes and other instruments which have a technical meaning, and are construed accordingly, but language in deeds or notes, or other instruments, not technical, must be taken in its ordinary and usual sense.   There is no reason why a rule which will discover the meaning of language not technical, in a note or other instrument, may not be resorted to to ascertain the meaning of language not technical in a deed.

The language of the deed from the commissioner to James Logan, describing the premises conveyed, is not technical, and, applying the rule we have quoted, it is very clear that lot No. 124, and not lot No. 142, was conveyed by the deed, and as plaintiffs sued for lot No. 142, and have shown no title to it, the judgment of the circuit court should be, and with the concurrence of the other judges is, affirmed.