[No. 7760. In Bank.—May 19, 1885.]
## FRANCIS J. BRANDON, APPELLANT, v. JAMES LEDDY ET AL., RESPONDENTS.

DEED — UNCERTAINTY OF DESCRIPTION — PATENT AMBIGUITY — PAROL EVIDENCE. —
A deed which shows upon its face that there are two lots to which the description equally applies is void for uncertainty, and parol evidence is inadmissible to explain the ambiguity.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*John Reynolds,* and *S. O. Houghton,* for Appellant.

*J. Alexander Yoell,* for Respondents.

The deed under which plaintiff claims was void for uncertainty in the description, and parol evidence is inadmissible to explain the ambiguity. (*Mesick* v. *Sunderland,* 6 Cal. 312; *Hammel* v. *Smith,* 15 Ohio, 134; *People* v. *Klumpke,* 41 Cal. 265; *Caldwell* v. *Center,* 30 Cal. 539.)

Ross, J.—On this appeal, which is from the judgment, the judgment roll alone is brought up. The action is ejectment, and both parties claim under one Carney, who, in 1848, was the

owner in fee of the premises in controversy. The defendants also claim under a tax deed, and rely further on the Statute of Limitations. In 1851 Carney executed to one Rosaria Bernal, under whom the plaintiff claims, a deed purporting to convey to her "one certain lot or parcel of land lying and being in the county of Santa Clara and State of California, and in the city of San Jose, and described as follows: It being twenty varas of lot seven and thirty varas of lot six, it being a part of block four, range eight, as shown by plot of said city of San Jose, being fifty varas square." This deed was put of record in Santa Clara County. Prior to 1848 the then Pueblo de San Jose, which is the present city of San Jose, was laid off into blocks and ranges and each block was surrounded by streets and was subdivided into lots, each lot being fifty varas square and each block containing at least eight lots. The blocks were numbered from one to four, commencing at San Fernando Street and numbering southwardly, said San Fernando Street being recognized and designated as the base line running easterly and westerly, each tier of blocks extending on both sides of the base line constituting a range, and the ranges being numbered from one to ten, commencing at the westerly side of the pueblo. Carney, at the time of his deed to Rosaria Bernal, was the owner of lots six and seven in block four, range eight, *north* of the base line, but he never was the owner of lots six or seven in block four, range eight, *south* of the base line. The first question to be determined is, whether or not the deed from Carney to Rosaria Bernal conveyed thirty varas of lot six, block four, range eight, *north* of the base line; for if it did not do so, the defendants have the legal title to the premises by reason of a deed executed by Carney to Martha Glasson on the 29th of March, 1854, and mesne conveyances from Glasson.

The map referred to in the deed from Carney to Rosaria Bernal must be considered as incorporated in it. The deed therefore shows upon its face that there are two lots to which the description equally applies. From the deed itself it cannot be ascertained which lot was intended to be conveyed, and as the ambiguity is patent, resort cannot be had to parol. Our conclusion is that the deed in question is void for uncertainty of description, from which it results that the legal title to the lot

in dispute passed to Glasson in 1854, and subsequently, but before the commencement of this action, vested by mesne conveyances in the defendants.

Judgment affirmed.

MORRISON, C. J., McKINSTRY, J., and THORNTON, J., concurred.

SHARPSTEIN, J., concurred in the judgment.

Rehearing denied.