MINNA PETZOLD *vs.* CHARLES PETZOLD *et al.*

Submitted on briefs April 4, 1893. Reversed April 24, 1893.

53   39
73   342

**Fraud upon a Donor not Sufficiently Stated to Raise a Trust.**

Upon a conveyance of real estate to one person for a consideration paid by another, no trust can arise in favor of any one, not a creditor of the person paying, unless the conveyance was made to the grantee named, without the consent of the person paying, so as to be a fraud upon him.

**Such Fraud should be Expressly Alleged.**

In a complaint to enforce such assumed trust, the fact of want of such consent ought to be expressly alleged, and not left to inference from other allegations.

Appeal by defendant Charles Petzold, from an order of the District Court of Ramsey County, *William Louis Kelly,* J., made February 19, 1892, overruling a demurrer to the complaint.

The complaint states that the plaintiff, Minna Petzold, is the daughter of the defendant Adam Krass, and the wife of the defendant Charles Petzold. That they were married November 23, 1884, and lived together until May 10, 1890. That in October, 1886, Krass bargained for lots one (1), two (2), twenty-three (23) and twenty-four (24) in block four (4) in plat eight (8) Lexington Park, St. Paul, and paid $2,100 therefor, and made improvements thereon of the value of $2,000 more. That it was understood that the title to said real estate should be taken in the name of the plaintiff and her husband jointly, but that the husband, with intent to deprive plaintiff of her share, fraudulently caused the title to be conveyed to him alone, and that plaintiff did not discover the fact until about December 15, 1887. That plaintiff and her father were both unable to read or write the English language, and intrusted the business to the husband. That the property was to be the joint property of the plaintiff and her husband, and a gift from her father to them jointly. That the husband now refuses to allow plaintiff to share in the property, and has so misused her that she was compelled to leave him. She asks judgment for an undivided half of the property and costs. The husband demurred, on the ground that the complaint does not state facts sufficient to constitute a

cause of action. The demurrer was overruled, with $10 costs, and permission was given to answer within twenty days. From that order the husband appeals.

*C. D. & Thos. D: O'Brien*, for appellant.

There is no allegation in the complaint that the taking of the property in the name of the husband alone was contrary to the wishes of the donor, Krass, or that the same was done without his knowledge. It is true that he is alleged not to have been conversant with the English language, but it is not alleged that he ever demanded or required that the property should be in the joint names of Petzold and his wife. There could be no fraud upon the plaintiff unless her rights were of such character that she could have enforced them as against Krass, unless Krass was equally deceived. Krass does not join the proceedings as a plaintiff, but is joined as a defendant, though no relief is asked against him. As the promise to the plaintiff was made by Krass, and not by defendant Petzold, no trust arose between husband and wife which she can enforce as against him.

*M. F. Propping* and *Francis H. Clarke*, for respondent.

Krass appears to have desired to give the property to his daughter and her husband jointly. It is alleged that there was an understanding between the three to this effect.

If the gift by Krass was intended for both jointly, then it became the property of both jointly when Krass, in making the donation, had divested himself of it. It was then no longer his, and it belonged to those to whom he gave it. The disposition of it thereafter was a matter between the donees, who, in this case, are alleged to be the plaintiff and the defendant Petzold. But it is alleged that the defendant Petzold committed a fraud on the plaintiff; that by means of that fraud he intended to deprive the plaintiff of her rights in the property, and that he carried out his wrongful and fraudulent intention; that thereby he wrongfully obtained the title to said property in his own name. Krass was deceived, but he was not defrauded in the sense of being deprived of this property. The defrauded person was the plaintiff. The defendant Petzold took plaintiff's property in his own name, and this he did

fraudulently, as the complaint alleges. But he could not take from plaintiff by fraud that which her father gave her and intended she should have. The fraud made the act by which he sought to deprive her of her own, void.

GILFILLAN, C. J. No trust in favor of plaintiff, or in favor of any one not a creditor of Krass in the real estate which is the subject of controversy, could arise upon the sole facts that the consideration for its purchase was paid by Krass, and the conveyance taken to defendant Petzold. As the money paid belonged to Krass, and plaintiff had no legal interest in it, he could do what he pleased with it, and, if he paid it for a conveyance to Charles Petzold alone, no one can complain. No trust could arise upon the conveyance unless it was taken to Charles Petzold alone, against the consent of Krass, so as to be a fraud upon him, so as to defeat the intention with which he paid the money. From the allegations of the complaint, it might be argued or conjectured that such was the case, though those allegations are not necessarily inconsistent with the fact that when he paid he knew of, and consented to, the conveyance running to Charles Petzold. So important a fact as that he did not consent, being the only foundation upon which a claim in behalf of plaintiff could rest, ought not, in pleading, to be left to argument or inference, but ought to be expressly stated, so that a direct issue may be made upon it. For want of such an allegation the complaint was bad.

Order reversed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 933.)