## EDWARD C. GRAN *et al. vs.* CHARLES SPANGENBERG.

Argued April 11, 1893.   Decided April 24, 1893.

**Wrong Order of Argument to Jury without Prejudice.**

> Though a defendant was strictly entitled to close the argument to the jury on the trial below, a new trial will not be ordered because the closing was given to the plaintiff, unless the court can see that the defendant may have been prejudiced thereby.

**Imperfect Receipt Aided by Figures on it.**

> Where in a written instrument a number is attempted to be expressed in words, and it is evident a word has been omitted,—a numeral, for instance,—and there are on the instrument figures evidently intended to also express the number, they may be resorted to, to ascertain the omitted word.

**Order Affirmed by Equally Divided Court.**

> The judges of this court being equally divided on the question whether certain error could have been prejudicial, the order appealed from is for that reason affirmed.

Appeal by defendant Charles Spangenberg, from an order of the District Court of Washington County, *W. C. Williston*, J., made July 25, 1892, denying his motion for a new trial.

The plaintiffs Edward C. Gran, Edmund R. Bristol and Lando F. Gran were partners in business, and in 1891 drilled and tubed a well for defendant, and sold him a windmill, and set it up over the well. Their bill amounted to $364.50. They admitted that defendant had paid them $216.86 upon the account, and they brought this action to recover the balance, $147.64. Defendant answered that he had paid them in full. That was the only issue between the parties. Defendant testified that he paid them $100 October 30, 1891, and $50 November 27, 1891. These two payments the plaintiffs denied. Among the payments which plaintiffs admitted was one of $50, made December 23, 1891, and for which they gave a receipt dated that day. The defendant claimed that when he made that payment the plaintiffs gave him a receipt for $150 to cover that and the previous payment of $100 made October 30, 1891. Plaintiffs admitted the signature to the receipt, but claimed it was given for only $50 paid on its date, and that it had

been since altered by writing in the words, "hundred an," and by inserting the figure "1" before the "50" on the upper left-hand corner. The original receipt was produced in this court upon the argument. When the evidence was all given, the Judge directed that defendant's counsel should address the jury first. To this ruling defendant excepted. The judge charged the jury among other things that the receipt was *prima facie* evidence of the payment of fifty dollars and of no more, and to this defendant also excepted. The jury returned a verdict for plaintiffs for $153.13. Defendant moved for a new trial, and being denied appeals.

*Otto K. Sauer,* for appellant.

On the trial defendant was required by the court to open the case to the jury, as the affirmative of the issue was upon him. But when the testimony was all in, the court required the defendant to go to the jury first, notwithstanding the affirmative of the only issue in the case, together with the burden of proof, was upon him. 1878 G. S. ch. 66, § 227, (4th.) This statute was framed for the purpose of giving to that person upon whom the burden of proving an affirmative fact rests, the opportunity of addressing the jury after the one who denies that fact. Whether the party be technically "plaintiff" or "defendant" can make no difference, as the statute should be construed in accordance with the reasons underlying it and which prompted its enactment. *Paine* v. *Smith,* 33 Minn. 495. It was an abuse of discretion to require defendant's counsel to address the jury first, and must be presumed to have been prejudicial.

This receipt has not been changed. It is the same as when received from Lando F. Gran. This receipt was first made out by Gran for the sum of fifty dollars paid on December 23, 1891, and was changed by Gran before delivery, and made to read as it now shows. Defendant reminded Gran of the payment of one hundred dollars made October 30, and for which he had no receipt, and asked Gran to change it, and he did so.

The charge that the receipt is evidence of the payment of fifty dollars and no more cannot be sustained. What that receipt is, and for what amount it was given, are questions of fact for the jury. *Wilson* v. *Hayes,* 40 Minn. 531.

*J. C. Mangan* and *Geo. H. Sullivan,* for respondents.

In the case of *Payne* v. *Smith,* 33 Minn. 495, this court ruled that, although a party is erroneously deprived of the advantage of closing the argument to the jury, this court would not interfere, unless there was ground for believing that he was injured thereby. The same rule has been followed in *C. Aultman & Co.* v. *Falkum,* 47 Minn. 414; *Griffiths* v. *Wolfram,* 22 Minn. 185; *Second Ward Sav. Bank* v. *Shakman,* 30 Minn. 333; *Hartman* v. *Keystone Ins. Co.,* 21 Pa. · St. 466.

In a written instrument like a note, bill of exchange or receipt, where there are figures on the margin and written words in the body, expressing the amount, if there is a conflict, the written words in the body govern and control. Daniel, Negotiable Inst. (4th Ed.) § 86; *Hollen* v. *Davis,* 59 Iowa, 444; *Norwich Bank* v. *Hyde,* 13 Conn. 297; *Commonwealth* v. *Emigrant Industrial Sav. Bank,* 98 Mass. 12; *Garrard* v. *Lewis,* 10 Q. B. Div. 30; *Payne* v. *Clark,* 19 Mo. 152; *Riley* v. *Dickens,* 19 Ill. 30; *Fisk* v. *McNeal,* 23 Neb. 728; *Johnston Harvester Co.* v. *McLean,* 57 Wis. 258.

The receipt has no definite amount in writing in the body thereof except fifty dollars, and was not *prima facie* evidence of the payment of any other or greater sum than fifty dollars. The figures "$150" were no part of the instrument. Upon a consideration of all the evidence the jury found that this payment of one hundred dollars was not made.

The issue as to the payment of $50 on November 27th was also found in favor of plaintiffs, and no error is here urged in respect to that finding. This alone shows that the jury did not believe, that defendant had paid that fifty dollars, and that they discredited his testimony generally. The charge of the court in reference to the receipt, that it was not a receipt for more than $50, did not influence the jury on the question whether $100 was paid October 30th. They were guided by the fact that the defendant's testimony, as to the receipt and as to the payment, was not worthy of belief.

GILFILLAN, C. J. We are unable to agree upon a result in this case. The order in which a trial shall be conducted is to some

extent in the discretion of the trial court, and, unless its direction as to such order may have prejudiced a party, a new trial will not be ordered because of such direction. The defendant, having the affirmative on the evidence, was strictly entitled to close the arguments to the jury; but the issue was so simple and brief that the closing argument could hardly have been an advantage, and we cannot see that giving the closing to the plaintiffs could have prejudiced the defendant.

We are agreed that the trial court erred in its charge that the receipt of December 23, 1891, conceding it to be wholly genuine, was for only $50, and was evidence of payment of no more than that sum. The receipt, as it now appears, was as follows: "$150. St. Paul, Dec. 22, 1891. Received of C. C. Spangenberg *hundred an* fifty dollars, on account. Gran, Bristol & Gran, L. T. G." It is not to be supposed that the words "hundred an" were used without meaning anything by them. It is evident some word—some numeral— was omitted, it must be presumed, inadvertently. No one could read the receipt without concluding *some* hundred — one, two, or three, for instance—was intended. Where it is clear a word had by mistake been omitted from an instrument, the court will resort to anything in, or which was put on it, which points to the omitted word, in order to ascertain what it was. In this case the figures indicate the omitted word to be "one." It is true that where words and figures are used to express the same number, and they do not agree, the words must prevail. That is because people are more liable to mistake in writing figures than words. Such is not this case. The words alone show there was a mistake. Resorting to the figures to ascertain what word was omitted does not make the figures prevail over the words.

But upon the evidence, and having the original receipt before us, two of the judges are of the opinion, in which the other two do not concur, that the jury could not have found that the figure 1 after the dollar mark and the words "hundred an" were in the receipt when it was delivered by plaintiffs to defendant, nor that they were inserted by, or with the knowledge of, plaintiffs. If they were not, then no prejudice could result to defendant from the error in the charge, and a new trial ought not to be ordered be-

cause of it. As we cannot agree that defendant could have been prejudiced by the error, the order refusing a new trial must be affirmed.

VANDERBURGH, J., absent, took no part in the case.

(Opinion published 54 N. W. Rep. 933.)