MICHAEL T. RYAN v. CATHERINE WILLIAMS.[1]

July 8, 1904.

Nos. 13,963—(178).

**Surcharging Final Account.**

> The evidence is sufficient to support the order of the court in surcharging the final account of the administrator.

**Declaration of Trust.**

> Certain decisions followed to the effect that mere verbal declarations of a trust in real property held by another, where there is no fraud or bad faith except that which arises from merely refusing to carry out the promise, are void as within the statute of frauds and the statute of uses and trusts.

From an order of the probate court for Ramsey county surcharging his final account as administrator of the estate of Maria Ryan, deceased, with the sum of $927, the proceeds of a note and mortgage inventoried

[1] Reported in 100 N. W. 380.

among the assets of the estate, plaintiff appealed to the district court for said county. The case was tried before Jaggard, J., who directed that the order of the probate court be affirmed. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Thomas C. Fitzpatrick,* for appellant.

*Owen Morris,* for respondent.

DOUGLAS, J.

Appeal by Michael T. Ryan, administrator, from the order of the district court of Ramsey county. Maria Ryan died intestate, and her son, appellant, was duly appointed and qualified as administrator. A note payable to the order of the deceased, secured by a mortgage upon real estate, was found among the effects of her estate, and the administrator, after listing it in the inventory, transferred the same to Patrick Ryan, his father, who asserted ownership thereof. The court surcharged the final account of the administrator with the amount, and, from an order denying him a new trial, the administrator appeals.

It is clear from the evidence that Patrick Ryan received from the United States, and delivered to his wife, certain pension money in excess of the amount of this mortgage; also that the money was used, with his approval, in purchasing certain real estate, the legal title of which was held by his wife. This property was sold, and there is a conflict in the evidence whether the proceeds thereof were used in making the loan referred to. A further conflict arose as to whether any part of such fund was delivered to Patrick H. Ryan before its reinvestment. Evidence was offered tending to show that the real property referred to was, as between the deceased and her husband, regarded as in part his, notwithstanding the fact that the legal title thereto remained in her name. We regard this, however, as immaterial, as the rule is well settled that, upon a conveyance of real estate made to one person for a consideration paid by another, "mere verbal declaration of a trust, where there is no fraud or bad faith except that which arises from merely refusing to carry out the promise, is void as within the statute of frauds and the statute of uses and trusts." Luse v. Reed, 63 Minn. 5, 9, 65 N. W. 91; Wolford v. Farnham, 44 Minn. 159, 46 N. W. 295; Petzold v. Petzold, 53 Minn. 39, 54 N. W. 933; Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110. In our opinion, the trial court

did not err in its findings in tracing the title of this real estate; neither did it err in finding that the note and mortgage referred to were the property of the deceased, and that the final account of the administrator should be surcharged with the amount thereof.

We are also of the opinion prejudicial error was not committed in admitting evidence upon the trial.

Order affirmed.