[L. A. No. 2113. In Bank.—November 25, 1910.]

## H. E. HALL, Appellant v. CORNELIUS BARTLETT et al., Respondents.

DEED—INCONSISTENT DESCRIPTION — AMBIGUITY — UNCERTAINTY — EVIDENCE.—Where a deed on its face contains two inconsistent descriptions either of which would identify a different piece of property from that described by the other, there is disclosed a patent ambiguity which, as a general rule, parol evidence is not admissible to remove and the instrument is void for uncertainty.

ID.—CONSTRUCTION OF DESCRIPTION.—Whether the description is uncertain or not is to be determined from an inspection of the entire deed, and in considering it the construction to be put upon it must not only be a reasonable one, but such as will give effect to the deed rather than defeat it.

ID.—REJECTION OF FALSE CALLS.—If from the description in the deed, taking into consideration all its calls, it is possible by rejecting calls which are apparently false to ascertain its application to a particular tract of land as embraced within the description, the false call will be rejected and the deed sustained.

ID.—LAND DESCRIBED AS HAVING HOUSE THEREON.—A reference in a description in a deed to a house as situated on the lot conveyed is a part of the description, and may be sufficient to control a false call in the description and identify the lot intended to be conveyed.

ID.—PART OF LOT—MEASUREMENTS INCLUDING ENTIRE LOT.—While a call in a deed for a "part of a lot" is in itself an indefinite call, if it is followed by a reference to measurements which are sufficient to describe and embrace the entire tract according to the map referred to, the indefinite description must give way to the definite one, and if the latter is sufficient to embrace the entire lot according to its boundaries on the map it must control and be given effect.

ID.—FALSE DESCRIPTION OF LOT AS BEING ON CORNER.—Where a deed describes the land conveyed as "being part of lot ten of block 'V' of the Mott tract, the same being the lot on the corner" of certain designated streets, "being sixty-five feet front by one hundred and sixty-five feet deep and a two-story frame house situate thereon," and the evidence showed that lot ten was situated sixty feet from the corner referred to, and was the only lot in the vicinity of that corner having a house thereon, the recital that the lot was on the corner will be rejected as a false call, and the fact that such a house was on lot ten will identify it as the lot intended to be conveyed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

Lucius M. Fall, Webster Davis, L. T. Chamberlain, and Benjamin E. Page, for Respondents.

LORIGAN, J.—This is an action in ejectment in which judgment went for defendants and plaintiff appeals therefrom on a bill of exceptions.

The complaint alleged ownership in the plaintiff and right of possession to "all that certain lot and parcel of land situate in the city of Los Angeles, county of Los Angeles, and state of California, and described as follows to wit: Lot ten (10) of block 'V' of the Mott tract as per map of said tract recorded in book 14, page 7, miscellaneous records of said county, ex-

cepting therefrom any portion thereof included in Figueroa Street, formerly Pearl Street, as indicated upon a plat of block 'V' of the said Mott tract recorded in book 53, page 21, miscellaneous records of said Los Angeles County."

The answer denied title or right of possession in plaintiff and set up that defendants were tenants of one E. R. Fox whom they allege was the owner of the property and entitled to its possession.

On the trial plaintiff in support of his title introduced a judgment-roll in an action entitled William M. Peckham et al. *v.* E. R. Fox in the superior court of Los Angeles County in which plaintiff was awarded a money judgment and a decree foreclosing a lien (its nature does not appear) on certain real property in the city of Los Angeles described in the judgment, which property was directed to be sold. The property so ordered to be sold was described as situated in the city of Los Angeles and described as follows: "Being part of lot ten of block 'V' of the Mott tract, the same being the lot on the corner of First Street on the east side of Figueroa Street, being sixty-five feet front by one hundred and sixty-five feet deep and a two-story frame house situate thereon."

The return of the sheriff to an order of sale issued pursuant to the decree showed that the property as described in the judgment was sold to plaintiff. Two deeds made by the sheriff to the plaintiff as purchaser at the sale were also offered by counsel for plaintiff, but at this stage simply for the purposes of identification. In them the property sold was described as "all that certain lot, piece or parcel of land situate, lying and being in the city of Los Angeles, county of Los Angeles and state of California, and bounded and particularly described as follows, to wit:" (here follows the identical description contained in the judgment and heretofore quoted therefrom). The second deed was made simply to correct an error in the execution and acknowledgment of the first.

In aid of the deeds plaintiff then introduced in evidence both the map and plat referred to in his description of the property as set forth in his complaint. The map of the Mott tract showed a lot 10 of block "V" of that tract to be a lot fronting sixty feet on Grasshopper (now Figueroa Street) with a depth of one hundred and sixty-five feet and being

located sixty feet from First Street; and a lot 9 of the same dimensions lying between it and First Street and fronting on Figueroa and First streets. The plat of block "V" of said tract (referred to in the complaint as recorded in book 53, page 21), does not identify either of said lots 9 or 10 but shows the two lots nearest the corner of Pearl (now Figueroa) and First streets, fronting on Pearl Street, to be each 60 feet wide and 163.28 feet deep. This offer of the plat and map was supplemented by testimony showing that there were no other plats or maps of the Mott tract recorded in the office of the county recorder of Los Angeles County; that the name of Grasshopper Street had been changed to Pearl and this in turn to Figueroa, and plaintiff himself testified that there was no two-story frame house on the lot at the corner of First and Figueroa, but that there was such a house on lot 10 of block "V" of the Mott tract, that is on the lot next to the corner. After this proof plaintiff then offered in evidence the second deed executed by the sheriff (corrective of the first) and which had theretofore been marked for identification only, to which the defendants objected on the ground that the description in the sheriff's deed offered varied from the description in the complaint and for the additional reason that the description in it was so uncertain that it did not describe any property and the property could not be identified thereby. The trial court sustained these objections to the deed and rendered judgment in favor of the defendant.

The question in this appeal is as to the correctness of the ruling of the court in this respect.

The first objection urged to the introduction of the deed and sustained by the court, namely, that there was a variance between the description therein and that in the complaint, need be given no particular consideration. If the other and more serious ground of objection to the deed, namely, that it was void for uncertainty in its description, was erroneously sustained by the trial court, it is clear that the complaint and the rejected deed described the same property, though in a different form.

So that the controlling point on this appeal is whether the rejected sheriff's deed was or was not void for uncertainty.

It is undoubtedly true that where a deed on its face contains two inconsistent descriptions either of which would identify

a different piece of property from that described by the other, there is disclosed a patent ambiguity which, as a general rule, parol evidence is not admissible to remove and the instrument is void for uncertainty. (*Brandon* v. *Leddy,* 67 Cal. 43, [7 Pac. 33] ; *Cadwalder* v. *Nash,* 73 Cal. 43, [14 Pac. 385].)

But whether the description is uncertain or not is to be determined from an inspection of the entire deed, and in considering it the construction to be put upon it must not only be a reasonable one (Civ. Code, sec. 3542) but such an interpretation must be indulged in as will give effect to the deed rather than defeat it. (Civ. Code, sec. 3541.) If from the description in the deed, taking into consideration all its calls, it is possible by rejecting calls which are apparently false to ascertain its application to a particular tract of land as embraced within the description, the false call will be rejected and the deed sustained. (*Reed* v. *Spicer,* 27 Cal. 58; *Irving* v. *Cunningham,* 66 Cal. 16, [4 Pac. 766] ; 1 Greenleaf on Evidence, 15th ed., p. 301; 2 Devlin on Deeds, sec. 1016.) In this respect and as declaring the rule for construing the descriptive parts of a conveyance of real property where the construction is doubtful and there are no other sufficient circumstances for identifying it, subdivision 1 of section 2077 of the Code of Civil Procedure expressly provides that "where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false, does not frustrate the conveyance, but it is to be construed by the first-mentioned particulars."

Now to come to a consideration of the description in the deed in question. It refers to the Mott tract, and when we examine the plat of that tract we find lots 9 and 10 designated thereon. A portion of the description in the deed refers to the property as "part of lot 10 of block V in the Mott tract, the same being the lot on the corner of First Street on the east side of Figueroa." It is this portion of the deed which it is claimed shows two inconsistent descriptions—a specific reference by number to lot 10, and also a description which embraces lot 9, because while the latter lot is not expressly mentioned, it is the one which answers the general call for a lot at the "corner of First Street on the east side of Figueroa." Taking, however, this portion of the description as we find it, if there were nothing else in the deed, it does not necessarily

follow that there was a patent ambiguity in the description. There being a definite reference to lot 10 of block V of the Mott tract, the words of further reference to the lot conveyed as "the same being the lot on the corner of First Street on the east side of Figueroa," would not necessarily be construed as inflexibly locative and hence a distinctively inconsistent description when compared with the special reference to lot 10. The word "on" in the description may be construed as the equivalent of "near to" or "at," as simply denoting contiguity, neighborhood, or proximity. Be that as it may, however, and conceding that if the description above quoted constituted the entire description of the property in the deed, it would fall within the rule of *Brandon* v. *Leddy,* 67 Cal. 43, [7 Pac. 33], and similar cases, and be void for uncertainty, still it is quite clear that when the whole description of the deed is considered that the call for a lot on the corner of First and Figueroa streets (which is what the second call in this particular description really amounts to) is really a false call and should be rejected. That this is true needs no particular elaboration. Conceding that the description applied equally to lot 10 of block V of the Mott tract, and to block 9 thereof, as being on the corner of First and Figueroa streets, and if this were all the description, it would be void for uncertainty, it is apparent that this uncertainty is removed and the description attaches to lot 10 when we consider the additional terms of description of the lot intended to be conveyed as embraced within the terms "and the two-story house situated thereon." It is the lot, whether it be lot 10 or the lot on the corner of First and Figueroa streets (lot 9), with a two-story house situated thereon which was being conveyed. The evidence shows that a two-story house was situate on lot 10 and that there was no house situated on the lot on the corner of First and Figueroa streets, of the Mott tract—lot 9. In fact, it was shown that there was no lot on any of the corners of First and Figueroa streets which might by any possibility be embraced within the description in the deed upon which any house, two-story or otherwise, was located. There was no lot which might by any construction be embraced within the calls and upon which any house was constructed except lot 10 and it was upon this lot that the house stood. There can be no question that this reference to the house as situated on the lot conveyed was.

a part of the description. (*Burnham* v. *Stone,* 191 Cal. 164-170, [35 Pac. 627]; *Chapman* v. *Zobelein,* 152 Cal. 216, [92 Pac. 188].) Counsel does not contend to the contrary and this being true it would appear that the call for a lot on the corner of First and Figueroa streets when considered in connection with the entire description in the deed must be regarded as a false call. It may be said in this connection that if taking into consideration the reference to a two-story house as being situated on the lot conveyed, it does not apply to lot 10, there is no other lot to which it could possibly apply.

It is insisted further by respondent that the description is indefinite and uncertain because it calls for a "part of lot 10" without describing or designating what part. Of course, where a deed calls for a part of a larger tract of land and there is no identification of the part intended to be conveyed by measurement or quantity, and nothing further in the deed by which the part may be identified, there is an uncertainty which vitiates the conveyance. But this is not the case here. The deed calls for "all that certain lot . . . being part of lot 10 of Block 'V' of the Mott tract . . . being sixty-five feet front by one hundred and sixty-five feet deep." Having determined from the description taken as a whole that the land which was intended to be conveyed was lot 10 of block "V" of the Mott tract, as distinguished from any other lot, it further appears that the dimensions of that lot intended to be conveyed were sixty-five feet front by one hundred and sixty-five feet deep. While it is true that the deed opens the description by a call for a part of the lot, it designates the part as "being sixty-five feet front by one hundred and sixty-five feet deep." The measurement calls are sufficient to include all of lot 10, which appears to have a frontage of sixty feet by one hundred and sixty-five feet deep, as delineated upon the map of the Mott tract. While the call for a "part of the lot" would have of itself been an indefinite call, still as it is followed by a reference to measurements which are sufficient to describe and embrace the entire tract according to the map referred to, under familiar rules of construction the indefinite description must give way to the definite one and if the latter is sufficient to embrace the entire lot according to its boundaries on the map it must control and be given effect. And that it is there can be no question.

This is all the consideration we feel necessary to give to this subject.

We are satisfied that under the proofs made the court should have admitted the sheriff's deed to plaintiff in evidence.

The judgment appealed from is reversed.

Shaw, J., Melvin, J., and Henshaw, J., concurred.

Beatty, C. J., Sloss, J., and Angellotti, J., dissented.

The following is the dissenting opinion of Chief Justice Beatty:—

· BEATTY, C. J.—I dissent.

It is perhaps not very material, but it does sufficiently appear from the record that the demanded premises were sold to the plaintiff in execution of a decree foreclosing a mechanics' lien. The material point is that it was a sale under execution—a transaction in which the policy of the law and the rights of the judgment debtor require that nothing shall be done or omitted by the execution creditor contrary to law which will have a tendency to prevent competition in the bid-. ding. The law, among other things, requires a definite description of the property to be sold, and I can conceive of no more fatal defect of description than the offer for sale of a part of a lot without describing the part. Here there was no such description. The dimensions—sixty-five by one hundred and sixty-five feet—contained in the description refer by proper grammatical construction to the lot, the whole lot, an undefined portion of which was to be sold; and this construction is corroborated by the fact that they include the whole lot and five feet of frontage more than the whole. In a voluntary sale upon terms satisfactory to the vendor a description as vague and ambiguous as this might justly be aided by a. liberal and benevolent construction in favor of the vendee— but an execution sale requires the application of a stricter rule. (*Cadwalder* v. *Nash,* 73 Cal. 48, [14 Pac. 385].)

"It is of the utmost importance that the land to be sold at execution sale should be so definitely described as to inform the public what particular tract will be offered to purchasers, and each bidder what land he will get if his should be the best

offer at the sale. Otherwise bidding would be discouraged instead of promoted, and the right of the defendant sacrificed. To find out what land is to be sold purchasers look to the proceedings by virtue of which the sale is to take place, which are, in the present case, the levy, the judgment, and the order of sale. If from these an intended purchaser would be left in hopeless uncertainty as to where and what the land is, he will be deterred from buying, at least for anything like a reasonable price." (*Pfeiffer* v. *Lindsay*, 66 Tex. 123, [1 S. W. 264].) It is a significant circumstance that the valuable house and lot here in question was purchased at the execution sale for five dollars.

Rehearing denied.