[Civ. No. 1429. Second Appellate District.—January 2, 1914.]

JENNIE S. WALKER et al., Respondents, v. THE CITY
OF LOS ANGELES (a Municipal Corporation), et al.,
Appellants.

MUNICIPAL CORPORATIONS—ASSESSMENT DISTRICT—INDEFINITE DESCRIPTION IN ORDINANCE OF INTENTION.—Where the description of the boundary lines of an assessment district, as contained in the ordinance of intention, after a course has been traced to a point on the westerly line of Grand Avenue, proceeds "thence easterly in a direct line to the most westerly corner of lot 10 of Feldhauser's subdivision of blocks 85 and 86, Ord's survey, as per map," etc., and it appears from such map that there are two lots number 10 in the subdivision in question, both located in an easterly direction from the point on Grand Avenue referred to, the assessment is void because of the indefiniteness and uncertainty of the description, although both of such lots lie in an easterly direction from the point on Grand Avenue.

ID.—"EASTERLY"—INTERPRETATION OF WORD—QUALIFYING PHRASES.— The word "easterly" in such description is qualified by the phrase, "in a direct line to the most westerly corner of lot 10," and must be deemed not to indicate a true easterly course. The word "easterly," when used alone, will be construed to mean due east; but this is a rule of necessity, growing out of the indefiniteness of the term, and has no application where other words are used for the purpose of qualifying its meaning. Where such is the case, instead of meaning "due east," it means precisely what the qualifying word makes it mean.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

John W. Shenk, City Attorney, Charles D. Pillsbury, Charles D. Houghton, Deputy City Attorneys, and W. A. Martin, for Appellants.

Robert Young, for Respondents.

JAMES, J.—This action was brought by the owners of certain real property, which property was situated within

an assessment district intended to be created for the purposes of proceedings taken by the city of Los Angeles through its board of public works. The design of the proceedings was to open Twelfth Street in said city for a distance of about three blocks. The judgment which was rendered in favor of plaintiffs determined that the assessments under which sales of plaintiffs' properties were threatened to be made, were void by reason of the fact, as found by the trial court, that the description of the proposed assessment district as contained in the ordinance of intention was indefinite and uncertain. Defendants appealed from the judgment, and from an order of the trial court denying their motion for a new trial.

In the course of the description of the boundary lines of the assessment district as contained in the ordinance of intention, after a course had been traced to a point in the westerly line of Grand Avenue, the ordinance then proceeded: "Thence easterly in a direct line to the most westerly corner of lot 10 of Feldhauser's subdivision of blocks 85 and 86, Ord's survey, as per map recorded in book 5, at page 573, said miscellaneous records of Los Angeles County." The map of Feldhauser's subdivision of blocks 85 and 86, as introduced in evidence, showed that the lots of the subdivision in block 85 were numbered from 1 to 18, and the lots in block 86 were numbered in like manner. It therefore appeared from the map that there were two lots No. 10 in that subdivision and that both were located in an easterly direction from the point on Grand Avenue which was referred to in the ordinance. It was shown in evidence by the testimony of a surveyor that a line run due east from the point mentioned on the westerly side of Grand Avenue would intersect one of the lots No. 10, but that it would not intersect it at the most westerly corner of said lot, the point of intersection being about forty feet southeasterly from said westerly corner. In the case of *Fratt* v. *Woodward*, 32 Cal. 219, [91 Am. Dec. 573], referring to terms of description of boundary lines of real property, it is said: "It is true, as claimed by counsel for appellants, that the word "easterly" when used alone will be construed to mean due east; but that is a rule of necessity, growing out of the indefiniteness of the term, and has no application where other words are used for the purpose of

qualifying its meaning. Where such is the case, instead of meaning 'due east,' it means precisely what the qualifying word makes it mean." In this case, as the word "easterly" is qualified by the phrase, "in a direct line to the most westerly corner of lot 10," it must be deemed not to indicate a true easterly course. This is so because a line drawn due east from the point on Grand Avenue before mentioned would not intersect the westerly corner of either of the lots 10 in the subdivision described. If it appeared that it would intersect one of such corners and not the other, then it could properly be concluded that the corner which the due-east line did intersect would be the corner intended to be described. It then appears that lines may be drawn in an easterly direction from said point on Grand Avenue to the westerly corner of either of the lots numbered 10 in the subdivision referred to. If, as the defendants contend, one of these courses may be adopted with reasonable certainty as to the intention of the board in describing the district, which course shall it be? It is true that a line drawn to the westerly corner of the lot 10 which lies nearest the point on Grand Avenue will more nearly approximate a course due east from said point and be shorter than a line drawn from the same point to a similar point in the other lot 10 of the subdivision, and it may be argued that it is more probable that the board intended the boundary to take the course of the shortest line. This reasoning, however, in a proceeding of this kind, which is one *in invitum*, in which all of the requirements of the law must be strictly complied with, may not be adopted. The description as given in the ordinance of intention, when applied to the map referred to therein, contains a patent ambiguity which may not be removed by resort to parol evidence. (*Brandon* v. *Leddy,* 67 Cal. 43, [7 Pac. 33] ; *Cadwalader* v. *Nash,* 73 Cal. 43, [14 Pac. 385].) A patent ambiguity appearing in the description of the intended assessment district, that description was rendered uncertain and indefinite, and was so correctly determined to be by the trial court. It follows that the assessments contemplated to be made under the proceedings were void and of no effect.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.