[L. A. No. 5290. In Bank.—December 27, 1917.]

## D. C. PAYNE, Respondent, v. COMMERCIAL NATIONAL BANK OF LOS ANGELES, Appellant.

BANKS — CHECK — PATENT AMBIGUITY IN AMOUNT PAYABLE.—Prior to the enactment of section 3098, subdivision 1, of the Civil Code in 1917, providing, as to negotiable instruments, that "where the sum payable is expressed in words and also in figures, and there is a discrepancy between the two, the sum denoted by the words is the sum payable," a check drawn on a bank in which the sum

payable was expressed in figures as "$500" and in words as "Five and no/100 dollars" was patently ambiguous, and void for uncertainty.

ID.—CHECK — PATENT AMBIGUITY — UNAUTHORIZED PAYMENT — ACTION AGAINST BANK—EVIDENCE—INADMISSIBILITY.—In an action against a bank by a depositor arising out of the payment by the bank of five hundred dollars on a check drawn for the sum of "$500 Five and no/100 dollars," evidence was not admissible to prove that five hundred dollars was intended.

ID.—PLEADING—SURPLUSAGE—ANSWER IMMATERIAL.—In such an action, an allegation in the complaint that the check was intended to be for five dollars was mere surplusage, and an answer denying that allegation, and setting up facts showing that the amount should have been five hundred dollars was immaterial.

ID.—APPEAL—HARMLESS ERROR—ERROR FAVORING APPELLANT.—On appeal by defendant from a judgment in such action, the defendant cannot complain that the judgment against it is for $495 when the plaintiff was entitled to five hundred dollars.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Sidney N. Reeve, Judge.

The facts are stated in the opinion of the court.

Paul Burks, and F. J. Heid, Jr., for Appellant.

Kemp, Mitchell & Silberberg, for Respondent.

ANGELLOTTI, C. J.—This is an action by a depositor against a bank in which he had a commercial account to recover money claimed to have been improperly paid by the bank on a purported check drawn by him against the bank, in favor of one Russell, and improperly charged to his account. Russell was not made a party to the action. Plaintiff obtained judgment for the amount claimed ($495). This is an appeal by defendant from the judgment and from an order denying its motion for a new trial. The appeal is in this court by transfer hereto after decision of the district court of appeal of the second appellate district.

On May 7, 1914, the plaintiff drew and delivered to D. W. Russell, the payee therein named, the check here involved. It was in the following form:

"Los Angeles, Cal., May 7, 1914.　　　　　No. 379

Commercial National Bank of Los Angeles　　16–17 .

Pay to the order of D. W. Russell $500.00

Five and no/100 dollars.

　　　　　　　　　　　　　　　　D. C. PAYNE."

On May 9, 1914, the check was presented to defendant bank for payment, and the bank, with full notice and knowledge of the variance in the check between the written and "marginal figures," refused to pay the same. On May 13, 1914, the check was again presented for payment and the bank thereupon paid the sum of five hundred dollars thereon and charged plaintiff's account in said sum. At the time of said payment plaintiff had on deposit a sum exceeding five hundred dollars.

Upon these facts, alleged in the complaint, established by the evidence without conflict, and found by the trial court, judgment was given for plaintiff for $495.

Of course, the bank was authorized to pay out money on plaintiff's account only upon authorization from plaintiff so to do. (*Janin* v. *London & S. F. Bank*, 92 Cal. 22, [27 Am. St. Rep. 82, 14 L. R. A. 320, 27 Pac. 1100].) The check hereinbefore set forth is the only authorization relied on.

Clearly, there is no rule of construction which would warrant this check being read as one for five hundred dollars, rather than as one for only five dollars.

It might well be argued that it must be construed as a check for only five dollars. This argument might not be sustainable under the rule of such cases as *Poorman* v. *Mills*, 39 Cal. 345, 350, [2 Am. Rep. 451], to the effect that if there is a difference in the sum stated in the body of the check or bill and that stated in figures in the margin or superscription, the words written in the body must control without regard to the figures in the margin or superscription. The idea underlying this rule appears to be that such a marginal note or superscription is but a memorandum, constituting no part of the body of the bill or check, and that what is clearly specified in the body must control. It is said with much force that this rule can have no application here, for the reason that the figures "500.00" in this check do not constitute a marginal note or superscription, but are equally with the written words and figures "Five and no/100 dollars," a part of the body of

the check.    But there is a general rule of construction recognized by some of the authorities to the effect that where both written words and figures are used in a contract to express the same number, and there is a discrepancy between the two, the written words must prevail over the figures.    (See 2 Elliott on Contracts, sec. 1527; *Bradshaw* v. *Bradbury,* 64 Mo. 334; *Gran* v. *Spangenburg,* 53 Minn. 42, [54 N. W. 933] ; *United Surety Co.* v. *Summers,* 110 Md. 95, [72 Atl. 775].) The theory is that a man is more apt to commit an error with his pen in writing a figure than in writing a word, and that the words ought to be deemed the better and more solemn statement, and therefore should govern.    It is unnecessary to determine here whether such a rule obtains in this state. If such should be held to be our rule, the check would have to be construed as one for five dollars only, and parol evidence would not be admissible to make it otherwise.    This would necessarily compel an affirmance of the judgment and order.    In passing it may be noted that the legislature, at its last session, enacted certain rules of construction for negotiable instruments, one of which is that ''where the sum payable is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable.''    (Subd. 1, sec. 3098, Civ. Code.)

Purely for the purposes of this decision we shall assume that no such rule can be applied here, and that the case is as stated by learned counsel for defendant in the following language: ''In the instant case, the written instrument set out in the complaint as constituting the basis of a recovery shows upon its face that there were incorporated therein with equal prominence two different and entirely inconsistent statements, as to the amount of money which appellant was thereby directed to pay.''    The result, of course, would be that we have an instrument which, on its face, is apparently void for uncertainty.    Unless the uncertainty could properly be removed by evidence *aliunde,* the judgment of the trial court cannot be disturbed.

The principal claim of appellant bank is that the trial court erred in refusing to receive parol evidence of the transaction between the plaintiff and the payee named in the check, culminating in the giving of the check, for the purpose of showing the intention of plaintiff to give a check for five hundred dollars to the payee.    It seems to be the theory of learned

counsel for defendant that under various sections of our Civil
Code (1635, 1636, 1637, 1640, 1641, 1643, 1647, 1654), which
simply lay down well-settled rules for the construction of the
language used in a contract, the ambiguity may be removed
and the check treated as one for five hundred dollars.     This
theory is without any support in the authorities.     Rules pro-
vided for the construction of contracts are simply for the
purpose of ascertaining the true intent and meaning of the
*language used therein.*     Under these rules parol evidence is
admissible where it tends to show the correct interpretation
of the language used, the purpose being to enable the court
or jury to understand, in the light of the circumstances
shown, what the words employed really mean, and to inter-
pret *those words,* in so far as this can reasonably be done, in
accord with the intention of the parties as the same may be
shown by such circumstances.     But no authority sustains the
proposition that under the guise of construction or explana-
tion a meaning can be given to the instrument which is not
to be found in the instrument itself, but is based entirely
upon direct evidence of intention independent of the instru-
ment.     It has been well said that in the admission of extrinsic
evidence the line which separates evidence which aids the
interpretation of what is in the instrument from direct evi-
dence of _intention independent of the instrument must
be kept steadily in view, the duty of the court being
to declare the meaning of what is written in the instru-
ment, and not what was intended to be written.     (See 17
Cyc. 675.)     It is well settled that parol evidence is not
admissible to explain such a patent ambiguity as we have
in this case.     It may not be correct to say that a *prima facie*
patent ambiguity can never be explained by evidence *aliunde,*
for it may be that such evidence will sometimes show that
the apparent uncertainty in the language used does not in
truth exist.     But this cannot be true of such an ambiguity as
we have here.     Whatever parol evidence might be intro-
duced in this case, we would still have the "two different and
entirely inconsistent statements," each statement absolutely
clear and unambiguous and capable of meaning only one
thing.     So far as the language of the instrument is con-
cerned, the uncertainty would be just as hopeless as it was
without the evidence, and the true intent could not be ascer-
tained *from the language of the instrument.*     No authority

to which we have been referred or that we have found sustains the proposition that evidence *aliunde* is admissible to explain such an ambiguity. All appear to be directly opposed to any such view. (See in this connection Brown on Parol. Evidence, pp. 116–120; 2 Elliott on Contracts, secs. 1655–1658; 1 Beach on Modern Law of Contracts, sec. 742.) This was recognized in the opinion of *Poorman* v. *Mills,* 39 Cal. 345, 350, [2 Am. Rep. 451], where it was said by this court: ''The most that can be claimed for this memorandum, in figures, is that its presence on the face of the certificate serves to create a patent ambiguity, but this cannot be helped by averment, or evidence *aliunde.*'' (See, also, *Hall* v. *Bartlett,* 158 Cal. 641, [112 Pac. 176]; *Brandon* v. *Leddy,* 67 Cal. 43, [7 Pac. 33].) In the case at bar the proposed evidence was at best but mere evidence of intention in no degree assisting in the construction of the language used.

The complaint in this action contained an allegation as follows: ''That by inadvertence and mistake of plaintiff herein plaintiff wrote the figures '$500.00' on the margin of said check; that said marginal figure was intended to be the sum of five dollars.'' This was in addition to the other allegations which, in accord with the views we have expressed, stated a complete cause of action against the bank. This allegation was denied by the answer, wherein the bank also set up the facts it relied on to show that the check should have been for five hundred dollars. Plaintiff tendered no proof in support of this allegation, and the court made no finding thereon. It is claimed that in view of the presence of this allegation and the attempted issue made thereon, the proposed evidence was admissible. In view of what we have said, it is clear that the allegation was altogether immaterial in so far as plaintiff's right to recover was concerned. His cause of action was complete without this allegation, which was mere surplusage, and the denial did not make a material issue of fact. (Code Civ. Proc., sec. 590.) ''The fact that the answer alleged facts which were irrelevant, immaterial, or incompetent as a defense gave no right to establish them by proof.'' (*Braun* v. *Woollacott,* 129 Cal. 113, [61 Pac. 801].)

What we have said makes it apparent that section 1856 of the Code of Civil Procedure cannot be held to have application here. The case is not one in which ''a mistake or imperfection of the writing is put in issue by the pleading.''

We are satisfied that the trial court did not err in excluding the proffered evidence.

Of course, defendant is not in a position to complain that the judgment against it is for five dollars less than the amount to which, it may be assumed, plaintiff was entitled.

The judgment and order denying a new trial are affirmed.

Sloss, J., Shaw, J., Melvin, J., Henshaw, J., and Victor E. Shaw, J., *pro tem.*, concurred.