[Civ. No. 2151. Third Appellate District.—August 10, 1920.]

R. C. MITCHELL, Trustee, Respondent, v. R. A. WHIT-FORD et al., Defendants; CHARLES Z. SOULE, Appellant.

[1] MORTGAGES—MISTAKE IN DESCRIPTION—REFORMATION.—A mistake or misdescription or a defective or uncertain description of the property intended to be conveyed by mortgage will not necessarily avoid the instrument. If the property is nevertheless capable of identification, and is clearly identified, the mortgagee may have the mortgage reformed or corrected.

[2] ID. — UNCERTAINTY OF DESCRIPTION — CONSTRUCTION OF INSTRUMENT.—Whether the description is uncertain or not is to be determined from an inspection of the entire deed; and in considering it, the construction to be put upon it must not only be a reasonable one, but such an interpretation must be indulged in as will give effect to the deed rather than defeat it.

[3] ID.—IDENTITY OF LAND—SUFFICIENCY OF DEED.—A deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed.

[4] ID. — SURVEYOR'S DESCRIPTION — ERRONEOUS CALL — IDENTITY OF PROPERTY—VALIDITY OF MORTGAGE.—Where, as in this case, the description contained in a mortgage of real property is a surveyor's description, commencing at a specified established section corner, and containing some twenty-seven calls, given by courses and distances only, followed by a statement of the acreage contained in the tract, and there is an error in the eighteenth call, but the mistake is such as anyone would notice in reading the description, and a surveyor might, by taking the last call and running the lines back, discover the mistake and ascertain what the erroneous call should be, the mortgage is valid and will be enforced against the land intended to be mortgaged.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore J. Savage for Appellant.

R. C. Porter and L. J. Maddux for Respondent.

NICOL, P. J., *pro tem.*—This is an appeal from a judgment of the superior court of Stanislaus County, decreeing

the foreclosure of a mortgage. The said mortgage was executed by defendants R. A. Whitford and his wife, Augusta Whitford, to one C. L. Flack to secure a promissory note for the sum of $21,864.42, dated April 9, 1913, payable four years after date with interest at six and one-half per cent per annum. Subsequent to the execution of the mortgage, the plaintiff became the holder thereof by mesne assignments. Subsequent to the making of this mortgage, the mortgagors deeded the property so mortgaged and it was conveyed repeatedly until the fee vested in the appellant Charles Z. Soule. The plaintiff by his complaint named as defendants the original mortgagors, R. A. Whitford and his wife, Augusta Whitford, and a number of others including appellant. All the defendants, except Charles Z. Soule, defaulted. By the decree, judgment was rendered in favor of plaintiff and against the defendants R. A. Whitford and Augusta Whitford in the sum of $27,707.03, on the note. The decree further adjudged the same a lien upon the land described in the judgment, ordered the land sold to satisfy said sum, provided for judgment against the Whitfords for any deficiency, and foreclosed the rights of the defendant Soule. Defendant Soule appeals from the judgment in so far as it subjects his land to the lien of the said mortgage, orders it sold, forecloses his rights, and otherwise affects his interests.

The mortgage was recorded on the same day that it was executed, to wit, April 9, 1913. The description of the land mortgaged as given in Finding III is a surveyor's description. It commences at an established point, a section corner, and then contains some twenty-seven calls, given by courses and distances only. Said description is as follows: "Beginning at corner to sections 7, 12, 13 and 18, township 4 south, range 7 and 8 east, Mount Diablo base and meridian, thence south 0° 10′ E. 40 chains, thence south 0° 10′ E. 21 chains; thence north 89° 41′ east 46.95 chains; thence north 34° 50′ west 1.38 chains; thence north 18° 39′ west 2.55 chains; thence north 13° 20′ west 5.70 chains; thence north 6° 43′ east 13.38 chains; thence north 5° 40′ east 4.88 chains; thence north 8° 35′ west 2.99 chains; thence north 67° 7′ east 1.50 chains; thence north 10° 39′ east 4.77 chains; thence north 11° 52′ east 5.16 chains; thence north 19° 25′ east 6.84 chains; thence north 35° 14′ east 4.07 chains; thence north 20° 11′ east 2.89 chains; thence north

1° 44′ west 1.79 chains; thence north 3° 42′ west 4.25 chains; thence north 48° 4′ west *3.46* chains; thence north 39° 13′ west 11.19 chains; thence north 67° 8′ west 3.34 chains; thence north 75° 39′ west 8 chains; thence north 55° 35′ west 3.40 chains; thence south 37° 57′ west 2.17 chains; thence south 27° 59′ east 2.72 chains; thence south 11° 15′ west 4 chains; thence south 7° 45′ east 6 chains; thence south 89° 41′ west 30.50 chains to point of beginning. Above described tract of land containing 300.89 acres.''

The court found that the description of the ''land set out in the mortgage was intended by the parties to be the same as that which is set out in Finding No. III, and that by inadvertence and mistake the course in said description read as recorded: 'Thence north 48° 4′ west *3146* chains,' and the true course is 'Thence north 48° 4′ west 3.46 chains.' '' The court also found that this mistake in the description was by ''inadvertence and mistake of all parties.''

The error is in the eighteenth call of the description which reads: ''Thence north 48° 4′ west 3146 chains.'' The correct description should read, ''Thence north 48° 4′ west 3.46 chains.'' This erroneous description would not describe the land that the parties intended to mortgage. It simply describes a line which does not inclose the land. This erroneous description would run that course referred to over thirty miles. The mortgage called for 300.89 acres, and it is very plain that it was a mistake that anyone would notice in the reading of the description.

The appellant does not claim that he suffered any injury by reason of this error in the description, and he does not claim to have been misled by the description contained in the record. The court found that the appellant ''acquired title to said lands in good faith and for valuable consideration, and that valuable consideration was the sum of ten dollars, and that he did not pay any greater or further consideration than the sum of $10.00. That at the time of the giving, granting and delivering by him to his grantors of the said sum of $10.00 for said grant, as aforesaid, and prior thereto, he had actual notice and constructive notice of the records in the Recorder's office of the County of Stanislaus, State of California, of said note and mortgage, and that the same was a lien on the lands described in Finding No. III . . . ''

The whole claim of appellant to defeat the mortgage of plaintiff is based on this error in the description—an error only in one course, and it is very apparent on the face of the record that it is an error. After describing the land almost to the place of beginning the description on the record reads, as before stated, "thence north 48° 4' west 3146 chains." The correct description should read, "thence north 48° 4' west 3.46 chains"; the error being the inserting of the figure 1 in the place of the period between the figures 3 and 4.

[1] "A mistake or misdescription, or a defective or uncertain description of the property intended to be conveyed by mortgage will not necessarily avoid the instrument. If the property is nevertheless capable of identification, and is clearly identified, the mortgagee may have the mortgage reformed or corrected." (27 Cyc. 1093.) [2] "Whether the description is uncertain or not is to be determined from an inspection of the entire deed, and in considering it the construction to be put upon it must not only be a reasonable one (Civ. Code, sec. 3542), but such an interpretation must be indulged in as will give effect to the deed rather than defeat it." (*Hall* v. *Bartlett,* 158 Cal. 638, [112 Pac. 176].) "A deed is not void for uncertainty because there may be errors or an inconsistency in some of the particulars. If a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient. [3] And, generally, the rule may be stated to be that the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed." (Devlin on Deeds, sec. 1012.) This section is cited with approval in *McCullough* v. *Olds,* 108 Cal. 529, 532, [41 Pac. 420].

[4] In the case of *Walsh* v. *Hill,* 38 Cal. 481, 485, 486, the supreme court held that where there are errors in tracing the description the surveyor might, when it is necessary, take the last call and run the lines back to the first call. (Citing *Noyes* v. *Dyer,* 25 Me. 468.) A surveyor following this rule in the case at bar and taking the last call and running the lines back, the mistake in the description is discovered, and the eighteenth call in the description instead of being "thence north 48° 4' west 3146 chains" should be "thence north 48° 4' west 3.46 chains."

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 7, 1920.

All the Justices concurred.