MARGARET HATHAWAY *et al*. Appellees, *vs*. WILLIAM A. COOK *et al*. Appellants.

*Opinion filed February 20, 1913—Rehearing denied April 3, 1913.*

1. DEEDS—*recording of a deed raises a presumption of delivery.* The recording of a deed raises a presumption of delivery, but such presumption is not conclusive and may be rebutted by proof.

2. SAME—*parol evidence is admissible to show intention of the parties concerning delivery.* Delivery of a deed is essential to its complete execution, but the question of delivery is largely a matter of intention, and for the purpose of showing such intention parol evidence is admissible.

3. SAME—*when deed is a present grant of a future estate.* A deed containing a provision that it is not to take effect until after the death of the grantor will be sustained as a present grant of a future estate if the deed has actually been delivered to the grantee in the lifetime of the grantor.

4. SAME—*fact that deed is found in grantee's possession raises a strong presumption of delivery.* The fact that a duly executed deed is found in the possession of the grantee raises a strong presumption that it has been delivered, and such presumption can only be overcome by clear and convincing evidence.

5. HOMESTEAD—*husband must join wife in deed to him though she reserves life estate.* A deed to homestead premises from the wife to the husband must be joined in by the husband in order to pass title to the homestead estate even though the wife reserves a life estate in herself, and if not so joined in, the deed conveys only the excess in value over the homestead estate, and the latter descends to the wife's heirs and may be partitioned.

6. APPEALS AND ERRORS—*when party cannot complain of incompetent evidence.* Where no objection is made to the competency of an administrator to testify on behalf of the complainants and most of the incompetent evidence given by him is drawn out, on cross-examination, by defendants' counsel, the latter cannot, on appeal, complain of such evidence.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

RAY, DOBBINS & DOBBINS, (ROY C. FREEMAN, guardian *ad litem*,) for appellants.

HENRY I. GREEN, WILLIAM G. PALMER, and FRANK T. CARSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court: .

This is a bill filed by appellees in the circuit court of Champaign county asking to set aside a certain deed from Ann Jane Cook to Washington Cook, her husband, and to partition the forty acres of land described therein among the heirs of said Ann Jane Cook. Washington and Ann Jane Cook lived together for many years on the land in question. It was conveyed to her by the Illinois Central Railroad Company in 1872. On April 12, 1884, she signed and acknowledged a quit-claim deed to the forty acres to the said Washington Cook, reciting that it was made for the express and only purpose of correcting a former deed, which appears to have been executed on August 7, 1879. Said quit-claim deed contained the following clause: "It being understood that this deed is to go into effect upon the death of the grantor, Ann Jane Cook." It was dated August 7, 1879, (the same as the erroneous one,) and acknowledged April 12, 1884, and thereafter filed for record April 25, 1884. Mr. and Mrs. Cook continued to occupy the premises as their homestead until their respective deaths, she dying January 9, 1910, intestate, and he dying about a year later, testate. His will was dated in 1895, and by it he gave his wife the rents and profits of all the real estate and personal property during her lifetime, and after her death said real estate was to go to testator's son William A. Cook for his lifetime and then to said William's four children. All the personal property, except the household furniture, was given, on Mrs. Cook's death, to the three daughters of the testator and the other son, George Cook. Washington Cook appears to have owned other real estate besides the forty acres in question. The will did not describe any particular land. The evidence was taken before a master in chancery, who reported that the deed in

question was never delivered, and that as the land described was a homestead and the deed was made directly between husband and wife, said deed did not pass title to the homestead even if delivered; that the forty acres descended to the heirs-at-law of Ann Jane Cook, and that the deed should be set aside as a cloud and the land partitioned as prayed for in the bill. The court entered a decree in accordance with the master's findings.

Appellees contend that this deed was never legally delivered but was intended by the grantor to be only in the nature of a testamentary disposition of her property, to be retained by her until after her death, and was therefore void. They further insist that it was recorded without her knowledge and consent. Ernest Lorenz testified that he had been for many years in the mercantile business in Dewey, a small town near where the Cooks lived, being a notary public and about the only business man in the place; that he had also been sheriff, justice of the peace, assessor and post-master; that Mr. and Mrs. Cook brought the instrument in question to his store, for acknowledgment, stating that they wanted the deed so fixed that if she died first Mr. Cook would get the land, and if he died first the deed was not to be good; that it was not to be recorded; that he advised them that it would be better to put the deed in some person's hands to hold, suggesting James R. Wilson. It appears that it was not placed in Mr. Wilson's hands but was filed for record a few days after it was acknowledged. It was offered in evidence, and bore on the back, in pencil, the words, "Return this to Washington Cook, Dewey, Ill.," which Mr. Lorenz testified was in his handwriting but that he had no recollection as to when and how he placed this writing on the deed; that he was postmaster at the time and frequently addressed letters and endorsed instruments that were to be sent to the recorder. This deed was found after Mr. Cook's death in a desk in the house on the land in question. The key to this desk

appears to have been kept by Mr. Cook, although his wife had unlocked the desk at various times and placed papers therein. J. F. Sperling, a tax assessor, testified that when he went, after Mrs. Cook's death, to assess the property of Mr. Cook, the latter said: "Fred, that forty acres is in mother's name; mother is dead and gone now, and I want that changed back to my name;" that the witness replied that he did not have the authority to do so. It is clear from the testimony that what Mr. Cook wanted was that the name be changed on the assessor's books. Thomas Ogden, the tax collector, said that Mr. Cook told him that the land in question belonged to his wife and three other tracts belonged to Mr. Cook; that the latter usually gave him the money for the taxes; that he did not remember whether Mrs. Cook ever gave him any. C. W. Somers, a neighbor, testified that Mr. Cook told him the deed was made in his wife's name to protect her if he died first. V. A. Birkey stated that Mr. Cook told him the forty acres belonged to his wife. L. A. Smyers, an attorney, who formerly resided at Rantoul, a city not far from the Cook land, testified that the deed in question was in his handwriting but he did not recollect definitely the circumstances as to its being drawn up. The appellant William A. Cook and two of his sisters, who are appellees, testified before the master with reference to the deed and how their father and mother understood its effect. As William A. Cook was executor and defendant in the lower court and his sisters were complainants, their testimony, under ordinary circumstances, could not properly be considered except as to matters occurring after Mr. Cook's death. (Hurd's Stat. 1911, chap. 51, sec. 2, p. 1156.)

William A. Cook testified, without any objection being made to his competency, as to many matters occurring before the death of either his mother or his father,—indeed, most of this evidence was brought out on cross-examination by counsel for appellees. They cannot now object to the

competency of this evidence. *Emerick* v. *Hileman,* 177
Ill. 368.

The recording of a deed raises the presumption that it
has been delivered, (*Harshbarger* v. *Carroll,* 163 Ill. 636,)
but the recording is only *prima facie* evidence of delivery,
which may be rebutted. (*Valter* v. *Blavka,* 195 Ill. 610.)
The delivery of a deed is an essential part of its complete
execution and is almost wholly a matter of intention. For
the purpose of showing intention parol evidence is admis-
sible. Where a deed has been actually delivered to the
grantee in the lifetime of the grantor, even though it con-
tains a provision that it is not to take effect until the gran-
tor's death, it will be sustained as a present grant of a
future interest. (*Noble* v. *Fickes,* 230 Ill. 594; *Shackelton*
v. *Sebree,* 86 id. 616.) A duly executed deed found in the
hands of the grantee raises a strong implication that it has
been delivered, and only clear and convincing evidence can
overcome that presumption. (*Potter* v. *Barringer,* 236 Ill.
224.) It is evident from this record that not only was
the deed recorded, but that it was in the possession of
Mr. Cook before his wife's death. Moreover, if this deed
was in Mrs. Cook's possession for so long a time after it
was recorded, as contended by appellees, there is no rea-
sonable explanation as to why she did not take steps to
have the matter rectified, as she naturally would if the
deed had been recorded without her consent or subsequent
ratification. The testimony of Mr. Lorenz, which is the
only competent direct testimony in the record supporting
the contention of appellees that the deed was not to be
delivered or recorded, is, in effect, that he advised Mr.
and Mrs. Cook to leave the deed with Mr. Wilson, which
course, if followed, would have resulted in a delivery in
escrow and would have placed the deed beyond the control
of Mrs. Cook. Even from this testimony it seems it was
the intention of Mrs. Cook, when she acknowledged the
deed, that it was at that time to be effectually delivered.

It is difficult to escape the conclusion, after an examination of the photograph of the back of the deed appearing in the record, in connection with Mr. Lorenz's testimony, that the latter placed the words on the back of the deed at the request of Mr. and Mrs. Cook before the instrument was recorded as a direction for its return after recording, and that it was then mailed to the recorder. The theory of appellees is that this direction was as to the delivery by Mr. Wilson after Mrs. Cook's death. This theory finds no basis in the testimony. There is no strong and convincing proof in this record that the deed was not delivered at or about the time it was executed. On the contrary, all the competent evidence tends to show that it was delivered. The deed in question having been delivered, it was a present conveyance (except as to the homestead) of the remainder in fee after the death of Mrs. Cook. *Bowler* v. *Bowler,* 176 Ill. 541; *Spencer* v. *Razor,* 251 id. 278.

It is conceded that the land described in the deed was, at the time the instrument was made, occupied as a homestead by Mr. and Mrs. Cook, and that they continued so to occupy it until their respective deaths, although for a short time before they died they each stayed with their son William, apparently so that they could receive better care. The weight of the evidence, we think, shows that the land conveyed by the deed was worth more than $1000. The contention of appellants that because a life estate was reserved it was not necessary for the husband to join in the deed in order to convey the homestead cannot be sustained. This court has held that the same rule applies when a life estate is reserved as applies when no life estate is reserved. (*Shields* v. *Bush,* 189 Ill. 534.) Neither is there any force in the contention that the homestead was abandoned by the grantor after the deed was executed. The deed to these homestead premises not being joined in by the husband, even though he was named as grantee, passed only the excess in value over the homestead of the value of $1000.

258 – 7

This homestead estate to the value of $1000 remained in Mrs. Cook and descended to her heirs-at-law and may be partitioned between them. *Jespersen* v. *Mech,* 213 Ill. 488; *Hollenbeck* v. *Smith,* 231 id. 484.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to enter a decree of partition of the premises, awarding to appellant William A. Cook and his children, under the provisions of Washington Cook's will, the excess in the value of said premises above $1000, and awarding to the heirs of Ann Jane Cook, in their proper proportions, $1000 of the value of said premises.

*Reversed and remanded, with directions.*