[Civ. No. 17976. First Dist., Div. One. Dec. 3, 1959.]

RUTH DuBOIS, Appellant, v. GERALDINE WAY LARKE, Respondent.

738

Jones & Sorell and Thomas Pierce Rogers for Appellant.

Burress Karmel and Wagstaffe, Daba & Hulse for Respondent.

FOLEY, J. pro tem.*—The judgment appealed from herein is as follows: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED: 1. That defendant and cross-complainant, GERALDINE WAY LARKE, is the owner in fee simple and entitled to the possession of that certain real property described in Exhibit 'A' hereof, excepting therefrom that portion thereof described in Exhibit 'C' hereof. 2. That the claims of cross-defendants all and severally and all who claim title under them in and to said real property, are without any right whatsoever, and said cross-defendants have no right, title, interest, claim or estate whatsoever, in or upon said real property, and said cross-defendants and all persons claiming under them are hereby enjoined and debarred from claiming or asserting any right, title,

*Assigned by Chairman of Judicial Council.

interest in, or claim or lien upon said real property. 3. That plaintiff and cross-defendant, RUTH DUBOIS, is the owner in fee simple and entitled to the possession of that certain real property described in Exhibit 'C' hereof, and has no estate, right, title or interest in the remaining real property described in Exhibit 'A' hereof. 4. That the purported deeds from GERALDINE WAY LARKE to MARY HEALY, recorded April 8, 1952, in Volume 2227 of Official Records of San Mateo County, at page 318; and from MARY HEALY to IRVING BROCK, recorded April 11, 1952, in Volume 2229 of Official Records of San Mateo County, at page 128; and from IRVING BROCK to RUTH DUBOIS, recorded November 28, 1952, in Volume 2333, Official Records of San Mateo County at page 351, are null and void and are hereby cancelled and set aside. 5. That the deed executed by GERALDINE WAY LARKE, as grantor, to MARY HEALY, as grantee, on or about October 1, 1948, to a portion of real property described as 'a cabin and one acre' can not be reformed or made certain because the description therein set forth is too vague and indefinite, and on said grounds, it is ordered that said deed is null and void and is hereby cancelled. 6. That defendant and cross-complainant, GERALDINE WAY LARKE, have judgment against said cross-defendants for her costs herein in the sum of $_____."

The action was commenced by the filing of a complaint to quiet appellant's title to a parcel of real property consisting of 17.1 acres. Respondent Larke and one John L. Steiner were the defendants named in said complaint. Respondent Larke appeared by answer and cross-complaint to quiet her title to the same parcel of property naming only appellant, DuBois, and John Steiner as cross-defendants. Appellant DuBois filed an answer to said cross-complaint. Steiner was not served with the cross-complaint nor did he plead thereto. The record does not disclose the fact of service of the complaint upon Steiner. In any event he did not plead to the complaint. He did however testify at the trial, having been called by respondent as a witness under section 2055 of the Code of Civil Procedure and in his testimony disclaimed any interest in the property which is the subject of this litigation.

Trial was had upon the issues joined by the original complaint to quiet title and answer thereto and the cross-complaint to quiet title and the answer thereto.

After both sides had rested, respondent Larke, by leave of court, filed her amendment to her answer and cross-complaint to conform to proof. By the amendment to her answer re-

spondent Larke added the following allegations: (1) She did not sign, execute, acknowledge or deliver the purported deed from Larke to Healy recorded April 8, 1952; (2) Healy delivered a purported deed to Brock recorded April 11, 1952; Healy had no title or interest in the property; and Brock was not a bona fide purchaser in good faith and for value from Healy; (3) Brock delivered a purported deed to DuBois recorded November 28, 1952; Brock had no title nor interest in the property; and DuBois was not a purchaser in good faith for value from Brock; (4) DuBois had no right, title, estate or interest in the said real property.

All of the allegations added to the answer by the amendment were incorporated in the amended cross-complaint wherein respondent asked for the relief previously prayed for (to quiet title) and also that the three purported deeds of record, i.e., Larke to Healy, Healy to Brock, and Brock to DuBois be cancelled.

■ Appellant contends initially that the court acted in excess of its jurisdiction in adjudicating the cancellation of the deeds from Larke to Healy and from Healy to Brock and in adjudicating that the cross-defendant (which includes Steiner) had no right, title, interest, claim or estate whatsoever in or upon the subject real property.

This contention is based upon the argument that Steiner, Healy, and Brock were indispensable parties defendant to respondent's cross-complaint.

Respondent concedes that if Steiner, Healy and Brock were such indispensable parties that appellant's contention on the point of jurisdiction should be sustained.

In the case of *Bank of California,* v. *Superior Court,* 16 Cal.2d 516, 521 [106 P.2d 879], the court in considering the matter of indispensable parties, stated: ''First, then, what parties are indispensable? There may be some persons whose interests, rights, or duties will inevitably be affected by any decree which can be rendered in the action. Typical are the situations where a number of persons have undetermined interests in the same property, or in a particular trust fund, and one of them seeks, in an action, to recover the whole, to fix his share, or to recover a portion claimed by him. The other persons with similar interests are indispensable parties. The reason is that a judgment in favor of one claimant for part of the property or fund would necessarily determine the amount or extent which remains available to the others. Hence,

any judgment in the action would inevitably affect their rights."

Section 389 of the Code of Civil Procedure as amended in 1957 defines an indispensable party as follows: "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties."

Applying these definitions to Healy, Brock, and Steiner we conclude that they are not indispensable parties. While probably they could have been joined as proper or necessary parties, the failure to do so does not divest the court of jurisdiction to proceed without them and render a judgment between the parties before the court. As stated in *Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, at 525, "Unlike the situations discussed above, in which any judgment would necessarily affect the rights of the absent persons, the case here is one where plaintiff may litigate her claim against the appearing defendants alone and obtain a decree which binds them alone. The absent defendants, not being before the court, will not be bound by the judgment, whether favorable or unfavorable, and their property interests will not be affected."

Assuming that the judgment in the instant action is not binding upon Steiner, Healy and Brock, this assumption does not afford appellant herein any basis upon which to assert that therefore the judgment insofar as it determines the conflicting claims of herself and respondent to the subject property is not binding upon her. The judgment certainly insofar as it determined these conflicting claims was within the framework of the pleadings and was not in excess of or beyond the court's jurisdiction to render.

We conclude therefore that as far as appellant is concerned, her claim that the court exceeded its jurisdiction is without merit.

If Steiner, Healy, and Brock were necessary parties as distinguished from indispensable parties, appellant should have raised this objection in the trial court. The law in this regard is well stated in the case of *Landon* v. *Landon,* 74 Cal.App.2d 954, at 958 [169 P.2d 980], as follows: "This question will not be considered by this court for the reason that the law is settled in California that by failing to make an objection in the trial court that some person not joined in the action is a necessary party the right to raise such objection

is waived and may not be urged for the first time on appeal. [Citations.]"

The following statements taken from appellant's opening brief correctly state the remaining controversy in this case together with a correct summary of the court's findings of fact and conclusions of law: "The controversy in this case arises over the effectiveness of the deed acknowledged December 31, 1949, of the 17.1 acre parcel from Geraldine Way Larke to Mary Healy.

"Geraldine Way Larke's contention and her testimony is that on August 20, 1948, when she took the 17.1 acre parcel in her name, she took it absolutely and not as security for the $4,750 [sic] advanced; that on October 1, 1948 when she received Mary Healy's cash payment of $250 and promissory note for $2,950 she gave Mary Healy a deed to the cabin and one acre (which purported deed was not acknowledged, recorded nor produced, nor did it contain, if it existed, a valid legal description of the cabin and one acre); and that on December 31, 1949, when she signed the deed form containing Mary Healy's name, she thought she was signing a receipt for the final payment on Mary Healy's note.

"John Steiner's testimony, on the other hand, is that Geraldine Way Larke took the property as security for the $4,780 advanced until John Steiner could get on his feet and get a bank loan; that the transactions with Mary Healy and the Stockers were to enable Geraldine Way Larke to get her money out and to put Mary Healy in Geraldine Way Larke's place as a security holder; that Mary Healy was to receive the cabin and one acre and the sum of $1,500 from John Steiner for her payments to Geraldine Way Larke when John Steiner got on his feet; and that these transactions were completed when Geraldine Way Larke gave a deed for the 17.1 acres to Mary Healy upon final payment on the note.

"Ruth DuBois' contention is that Geraldine Way Larke either gave a valid deed to Mary Healy or she signed a deed form under such circumstances as to estop her from asserting her title against Irving Brock, a bona fide purchaser of the property (from whom Ruth DuBois holds), and that the evidence in this case is such that it is reversible error to fail to uphold the effectiveness of the deed.

"The findings of fact set forth, in substance, that on August 20, 1948, and at all times thereafter, defendant, Geraldine Way Larke, was the owner of said 17.1 acres of land; that on October 1, 1948, she conveyed one acre and a cabin to

Mary Healy in a deed not acknowledged nor recorded and not produced and that an adequate description thereof could not be determined by the Court; that on May 24, 1949, she conveyed one acre to Frank and Cleon Stocker who quit-claimed to Irving Brock and that plaintiff, Ruth DuBois, succeeded thereto; that on April 8, 1952, a grant deed was recorded from defendant, Geraldine Way Larke to Mary Healy, containing signature of defendant, Geraldine Way Larke, not acknowledged, nor delivered, nor supported by any consideration, that it contained no description when signed, that it was not the intention of grantor and grantee that said 17.1 acres be conveyed, but at most, if at all, one acre and a cabin; that some person attached to said deed, without authority, a description to said 17.1 acres; that on April 11, 1952, Mary Healy granted said 17.1 acres of land to said Brock; that on November 28, 1952, said Brock gift deeded said 17.1 acres to plaintiff, Ruth DuBois; that neither Brock nor plaintiff, Ruth DuBois, were bona fide purchasers; that defendant, John L. Steiner, disclaimed any interest in said real properties that defendant, Geraldine Way Larke, is the owner of said 17.1 acres except one acre of which plaintiff, Ruth DuBois, is the owner.

"The conclusions of law set forth that defendant, Geraldine Way Larke, is the owner of said 17.1 acres except one acre of which plaintiff, Ruth DuBois, is the owner; that the deeds Geraldine Way Larke to Mary Healy, Mary Healy to Irving Brock and Irving Brock to Ruth DuBois are null and void and should be cancelled; that the deed Geraldine Way Larke to Mary Healy for one acre and a cabin cannot be reformed and said deed is null and void and should be cancelled and that defendant, Geraldine Way Larke, is entitled to a judgment quieting her title and for costs.

"A judgment was entered based upon said conclusions of law. Subsequently a motion for a new trial by plaintiff, Ruth DuBois, was denied."

The following additional grounds are urged by appellant on this appeal for reversing the judgment of the trial court: (1) The deed signed by Geraldine Way Larke acknowledged December 31, 1949, and recorded April 8, 1952, conveying the 17.1 acre parcel to Mary Healy is a valid deed and the trial court was in error in holding otherwise; (2) Geraldine Way Larke is estopped from asserting her title as against Irving Brock, a bona fide purchaser, from whom Ruth DuBois holds, and the trial court was in error in holding otherwise;

(3) The trial court committed error in giving a judgment to Geraldine Way Larke for the 17.1 acre parcel (excluding the Stocker acre) in total disregard of the cabin and one acre parcel; (4) The trial court committed error in totally disregarding any equity that Ruth DuBois might have as a result of Irving Brock's having paid $7,000 to Mary Healy for the property; (5) The trial court committed error in admitting hearsay evidence as to purported statements made by Mary Healy in derogation of the deed which Geraldine Way Larke gave to Mary Healy, and which Mary Healy gave to Irving Brock.

(1) Was the trial court in error in holding that the document signed by Geraldine Way Larke and purportedly acknowledged December 31, 1949, which instrument was recorded on April 8, 1952 and purported to convey the 17.1 acre tract to Mary Healy was not a valid deed?

▉ Appellant cites cases and statutes for the well settled proposition that all presumptions are in favor of the validity of a deed when it is regular on its face and recorded or acknowledged (*Thomas* v. *Peterson* (1931), 213 Cal. 672, 674 [3 P.2d 306] ; *Willis* v. *Holback* (1939), 33 Cal.App.2d 145 [91 P.2d 140] ; Code Civ. Proc., § 1951.) ▉ Furthermore, possession of a deed by the grantee is prima facie evidence that the deed was properly delivered to him (*Butler* v. *Woodburn* (1942), 19 Cal.2d 420 [122 P.2d 17].) ▉ However, these presumptions are not conclusive but the burden of overcoming them is on the one who disputes them (*Pomper* v. *Behnke* (1929), 97 Cal.App. 628, 642 [276 P. 122] ; *Overton* v. *Harband* (1935), 6 Cal.App.2d 455, 460 [44 P. 2d 484] ).

▉ When a disputable presumption is controverted by other evidence, a question of fact arises which must be resolved by the trial court. The ordinary rule then applies that if there is any substantial evidence to support the trial court's finding on that issue, its conclusion will be binding on the appellate court. This rule is stated in *Simonton* v. *Los Angeles T. & S. Bank* (1928), 205 Cal. 252, 258 [270 P. 672], as follows: "Disputable . . . presumptions . . . have been said to be the weakest and least satisfactory character of evidence [citation]. They are allowed to stand, not against the facts they represent, but in lieu of proof of them. When not controverted, however, the court or jury is bound to find according to the presumption. When controverted by other evidence, whether direct or indirect, an issue of fact is raised which it is the duty of the court to determine as in other cases,

and its conclusion is conclusive upon an apellate court unless it be manifestly without sufficient support in the evidence [citation]."

 Appellant argues that Geraldine Way Larke has failed to rebut the presumption of due execution and delivery and there is insufficient evidence to justify the court in holding otherwise. She makes the following arguments: (a) Geraldine Way Larke has admitted that the signature is hers; (b) Geraldine Way Larke testified that her daughter, Louise, was present when she signed (the so-called receipt) and Louise testified that her mother signed a deed form; (c) The signature of Geraldine Way Larke was acknowledged by a notary public; (d) Geraldine Way Larke held the title to the property as security for her advancement of $4,780, and had been repaid substantially all of her advancement and had no reason to refuse to convey the entire parcel to Mary Healy, the person designated by the beneficiary, John Steiner.

In answer to the above, it should be noted that although Mrs. Larke admitted that the signature was hers, she emphatically denied many times over that she ever signed a deed conveying the 17.1 acres. She testified that she conveyed only one acre and the cabin to Mary Healy on October 1, 1948, and her testimony on this point was corroborated by a number of other witnesses.

This testimony is sufficient to rebut any presumption that Mrs. Larke ever signed a completed deed to the 17.1 acre parcel of property and it strongly supports the conclusion that she conveyed but a single acre and cabin to Mary Healy in October 1948.

With respect to the acknowledgment of Mrs. Larke's signature by a notary public, any presumption flowing from such acknowledgment is certainly overcome by the testimony of Mrs. Larke and Mrs. Graham.

 With regard to appellant's contention that respondent held the title to the property as security for her advancement of $4,780 and had been repaid substantially all of her advancement and had no reason to refuse to convey the entire parcel to Mary Healy, the person designated by the beneficiary, John Steiner, it is sufficient to state that the trial court's finding that respondent is the owner in fee of the property is supported by substantial evidence. From the evidence the trial court could have and evidently did conclude that Mrs. Larke purchased the 17.1 acres outright and absolutely from Belmont Investment Corporation and that she

did not take title on behalf of Steiner as a mere mortgagee or trustee. Appellant has cited numerous cases correctly stating the law of resulting trusts and equitable mortgages. We are concerned here, however, with a factual situation which the trial court determined in favor of respondent.

(2) Is Geraldine Way Larke estopped from asserting her title as against Irving Brock, a bona fide purchaser, from whom Ruth DuBois holds, and was the trial court in error in holding otherwise?

Again appellant cites authorities for a correct statement of the law on the rule of estoppel. However, before the rules of estoppel can become applicable, it must first be determined that the court is dealing with a bona fide purchaser, and appellant has assumed this to be the fact in spite of the court's finding that neither Mr. Brock nor Mrs. DuBois was a bona fide purchaser.

The only evidence adduced at the trial with respect to the sale of the property by Mrs. Healy to Irving Brock was in the testimony of Mrs. Healy, herself. Evidently the trial court, having in mind all of the circumstances surrounding the alleged sale of the property by Mrs. Healy to Brock as shown by the evidence, did not believe the testimony that Brock gave Mrs. Healy $7,000 for this property and, consequently, the court had no basis whatsoever upon which to predicate an estoppel against Mrs. Larke.

(3) Did the trial court commit error in giving a judgment to Geraldine Way Larke for the 17.1 acre parcel (excluding the Stocker acres) in total disregard of the cabin and one-acre parcel?

On this point the lower court concluded that the deed describing a cabin and one acre "can not be reformed or made certain because the description therein set forth is too vague and indefinite, and on said grounds, said deed is null and void and should be cancelled." This deed was never produced at the trial.

The case was reopened after submission in the trial court for the sole purpose of permitting respondent to offer expert evidence in an endeavor to locate both Mary Healy's cabin and acre and the Stocker acre.

Mr. Larke testified that he retained Mr. Carlo Torello, a civil engineer, to have a survey made of the two acres involved. Mr. Torello testified that at the request of Mr. and Mrs. Larke he made a survey of the two parcels.

Although the Stocker deed did not contain a defective

description, the parties stipulated that the diagram shown on the surveyor's map made by Mr. Torello was a correct description of the land actually conveyed by the Stocker deed.

With respect to the Healy acre, counsel for appellant stated: "That the position of the plaintiff in this action is that there was no such other deed for one acre at all, and it would be highly inconsistent with her position to come in and try to show the boundaries of what she contends is a fictitious deed in the first place" and "So far as the Healy deed is concerned there is no deed, and so I object . . . on the same ground that . . . there is no deed which has been shown to this gentleman [Torello], and at most he could have made an arbitrary survey not based on any deed.

"I object to any testimony going into the record that would tend to show that he had made a survey to determine an acre in accordance with any deed."

The court then stated: "There has been a determination by the court that such a deed was executed and delivered, but it isn't now available. It has disappeared, and it is perfectly true that I have proceeded on secondary evidence as to that deed. I don't think that I would be justified in barring the defendant from using that secondary evidence as to the contents of a deed, which has been either lost or destroyed, as a basis for a survey."

In spite of the position taken by appellant above and the fact that she offered no help in the lower court in attempting to identify the acre, on this appeal she seems to take the inconsistent position that she is at least entitled to a new trial on the issue of the value of the cabin and one-acre parcel. She cites no authority to support her proposition. If plaintiff wanted this issue resolved at the trial level, she should have presented evidence on the issue and should have tried to aid the court rather than taking the negative position she did and standing by it. Furthermore, appellant requested and was granted time to consider whether to present evidence in rebuttal to the evidence offered by the engineer, but she chose to offer no such evidence.

 "Where a description is so vague and uncertain that the property cannot be identified and located therefrom, and the writing itself does not furnish the means whereby the description may be made sufficiently definite and certain to locate the property readily, then the instrument must be held void, since the imperfections of the description cannot be supplied extrinsic to the writing itself, in view of the rule

that a conveyance of real property must be in writing." (15 Cal.Jur.2d 559.)

(4) Did the trial court commit error in totally disregarding any equity that Ruth DuBois might have as a result of Irving Brock's having paid $7,000 to Mary Healy for the property?

Appellant simply states that even if estoppel would not operate as to the whole 17.1 acre tract, it should operate as to $7,000 worth of said tract.

Again, this argument is without merit since it is implicit in the court's finding that Brock paid Healy nothing for the property.

(5) Did the trial court commit error in admitting hearsay evidence as to purported statements made by Mary Healy in derogation of the deed which Geraldine Way Larke gave to Mary Healy, and which Mary Healy gave to Irving Brock?

Appellant cites *Bollinger* v. *Bollinger*, 154 Cal. 695, 705 [99 P. 196], for the settled proposition that the "declarations of a grantor, made after the execution of his conveyance, cannot be received to disparage his deed" and this proposition is not disputed.

However, "Notwithstanding the rule that the rights of a party cannot be prejudiced by the declarations of others, where one derives title to real property from another the declarations, acts, or omissions of such predecessor in relation to the property, while holding the title, are evidence against the successor. . . . Thus, the declarations of a grantor against the title of the property, while holding the title, are admissible not only as against himself but also as against a grantee claiming under him. . . . It is immaterial when and where the declarations were made, if they were made before the declarant's interest came to an end. The subsequent claimants are considered as standing in the shoes of the grantor against whom the declarations would be admissible, and as having taken the title cum onere, subject to the charges and restrictions which attached to it in his hands. It matters not whether the declarations relate to the limits of the declarant's own premises, to the extent of his neighbors', to the boundary line between them, or to the nature of the title he asserts; if they purport to restrict his own premises or lessen his own title they are admissible against his successors in interest." (19 Cal.Jur.2d 187-189.)

The testimony which it is contended was errone-

ously admitted consisted of alleged statements made by Mary Healy to respondent Larke on two different occasions; the first of which was in March 1952 prior to the Healy to Brock deed which was acknowledged on April 8, 1952, and the second of which was in May 1952 subsequent to the Healy to Brock deed.

The testimony of the alleged statements of Mary Healy to Mrs. Larke made prior to the Healy to Brock deed was clearly admissible as being within the rule above stated.

Assuming that the testimony of the alleged statements of Mary Healy to Mrs. Larke made subsequent to the Healy to Brock deed may have been inadmissible as hearsay, the error, if any, in admitting such testimony was not prejudicial.

"Moreover, it is presumed on appeal that the court, sitting without a jury, did not base its finding on irrelevant evidence where there is competent evidence to support it." (*Southern Calif. Jockey Club* v. *California etc. Board,* 36 Cal. 2d 167, 176 [223 P.2d 1], citing authorities.)

"This case was tried to the court without a jury. Where competent evidence supports the judgment, it will be presumed on appeal that evidence erroneously admitted was disregarded by the court." (*Pollard* v. *Pollard,* 166 Cal. App.2d 698, 705 [333 P.2d 356], citing authority.)

The record in the instant case contains substantial competent evidence which supports all of the findings of the trial court.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied December 28, 1959, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1960.