[Civ. No. 10500.   Third Dist.   May 2, 1963.]

MARGUERITE PODD, individually, and as Executrix, etc.,
Plaintiff and Respondent, v. ROWENA ANDERSON,
Defendant and Appellant.

Moidel, Moidel & Smith, Leonard Smith and Lillian J. McQuitty for Defendant and Appellant.

John A. Young for Plaintiff and Respondent.

SCHOTTKY, J.—Rowena Anderson appeals from a judgment quieting title to certain real property located in Yolo County in Alice Snavely.

The property was originally owned by Charles Taylor Bidwell and distributed in his estate to his wife, Florence Swain Bidwell, the mother of respondent Alice Snavely and the grandmother of appellant Rowena Anderson. The property involved is located in the northwest quarter of section 22, township 9 north, range 1 west, Mount Diablo base and meridian, but in the probate proceedings ·of the estate of Charles Taylor Bidwell it was erroneously described as the southwest quarter of section 22.

In 1933 Florence Swain Bidwell conveyed approximately 40 acres in the northwest part of the northwest quarter of section 22 to George and Cora Rockwell.

Thereafter, in 1933 Florence Swain Bidwell executed a deed in which her daughter Alice Snavely was the grantee. This deed described the property as follows:

"The Southwest Quarter (SW¼) of Section Twenty-Two (22), Township Nine (9) North, Range One (1) West, M. D. B. & M." There was excepted therefrom that portion of the quarter section which was conveyed to George W. Rockwell and Cora B. Rockwell by deed dated February 23, 1933, and recorded February 24, 1933, in book 46 of official records, at page 162. The exception was described in the deed as follows:

"Beginning at a point in the north line of Section 22 in Township 9 North, Range 1 West, M. D. B. & M., and situate N 89° 37' W, 1516.65 feet from the ¼-corner common to Sections 15 and 22 in said first mentioned Township and Range, and extending thence N 89° 37' W, along the north line of said Section 22 a distance of 1085.85 feet to the point of intersection with the east line of the right of way of the Southern Pacific Railroad Company; thence S 0° 11' E down and along said east line of said right of way a distance of 1604.96 feet to a point marking the center line of a ditch; thence S 89° 39' 12" E. along said center line of said ditch a distance of 1085.85 feet to a point marked by a ¾-inch square iron bar; thence N 0° 11' W. along a line parallel with the east line of aforementioned Railroad right of way a distance of 1604.31 feet to the point of beginning and including 40 acres of land."

The error occurred because the attorney who drew the deed and who acknowledged Mrs. Bidwell's signature used as his guide the decree of distribution in the estate of Charles Taylor Bidwell in which the error was set forth. This deed was recorded in 1934 at the request of Mrs. Bidwell.

Alice Snavely went into possession of the land after the death of her mother in 1936. The property was taxed as part of her mother's estate. The property was assessed to her after the deed was recorded and she paid all the taxes after 1935. She has rented the property as farm land and collected all the rents from the land. She executed an oil and gas lease in 1946 and again in 1959. Her guardian *ad litem;* her daughter Marguerite Podd, in response to a question of

the court testified that she claimed the property against the whole world.

The trial court found: "That the deed executed by Florence Swain Bidwell to Alice Snavely, plaintiff above-named, dated November 3, 1933, and recorded September 18, 1934, in Book 69, page 189, Official Records of Yolo County was intended to convey to said plaintiff Alice R. Snavely all of the real property owned by said Florence Swain Bidwell in Section 22, T. 9 N., R. 1 W., M.D.B.&M., being the real property hereinafter described. That the word 'Southwest' as used in the description in said deed was a false particular, which does not frustrate said conveyance. That the said deed from said Florence Swain Bidwell to said plaintiff Alice R. Snavely as aforesaid transferred a good and valid title in fee simple to said Alice R. Snavely, of the real property hereinafter described. That at all times since the recordation of said deed as aforesaid the said plaintiff Alice R. Snavely has been the owner of said real property hereinafter described, in fee simple.

"That at all times since the recordation of the said deed, recorded as aforesaid, the said plaintiff Alice R. Snavely has been in the actual possession of said property, and every part thereof, continuously, adversely to the title of all others, and under a claim of title exclusive of any other right, as her own, and notoriously and uninterruptedly possessed and used said property and every part thereof at all times since said recordation of said deed, as aforesaid, and that said plaintiff has paid all taxes or assessments levied or assessed against said property, and every part thereof, since the recordation of said deed as aforesaid. That plaintiff is not, and at no time has been, a tenant in common with David Bancroft Bidwell or with Mabel Beilby or with Rowena Anderson, or with any of said persons.

"That said Alice R. Snavely had capacity to commence said action and that Marguerite Podd was appointed guardian ad litem for said Alice R. Snavely on June 8, 1961, and that said Marguerite Podd at all times thereafter was the duly appointed, qualified and acting guardian ad litem of said Alice R. Snavely, and that said Alice R. Snavely acting through her said guardian ad litem at all times had capacity to maintain said action."

The court quieted title in Alice Snavely and this appeal followed. Alice Snavely died while this appeal was pending and her daughter, Marguerite Podd, has been substituted in

her place individually and alternatively as executrix of her mother's estate.

▮ Appellant's first contention is that there was no evidence of delivery of the deed during the lifetime of Mrs. Bidwell and that the evidence shows that the property was in fact used by Mrs. Bidwell during her lifetime. ▮ Delivery is, of course, a question of fact. ▮ The deed was found after Mrs. Bidwell's death by Mrs. Podd in Mrs. Snavely's safe deposit box. It was never established when Mrs. Snavely obtained possession of the deed. ▮ The rule is that possession of a duly executed deed by a grantee raises a presumption that the deed was delivered to the grantee. (See *Estate of Slack*, 13 Cal.2d 721 [91 P.2d 1052]; 3 American Law of Property, Deeds, p. 314; *DuBois* v. *Larke*, 175 Cal.App.2d 737 [346 P.2d 830]; *Butler* v. *Woodburn*, 19 Cal.2d 420 [122 P.2d 17].) This presumption, of course, is disputable, but the burden is on the one who seeks to overturn it. (*DuBois* v. *Larke, supra.*) ▮ While the fact that Florence Swain Bidwell received the rents is inconsistent with delivery during her lifetime, this is not determinative. ▮ The test is whether the grantor intended to make a present transfer, and if such was his intention the title of the property thereby passed to the grantee. As stated in *Ogg* v. *Gunderson*, 74 Cal.App.2d 384, 387 [168 P.2d 793]:

"The validity of a properly executed deed of conveyance is determined by its delivery with the concomitant intention of the grantor to transfer the property described therein to the grantee. [Citations.] The validity of a deed is not necessarily impaired by the fact that the grantor after delivery of the deed continued to exercise control over the realty and to collect the rentals earned thereby. The primary test is whether the grantor intended to make a present transfer, and if such was his intention the title of the property thereby passed irrevocably to the grantee. [Citations.] A gift by deed is not necessarily defeasible by subsequent acts or declarations of the grantor outside of the presence of the grantee inconsistent with the prior gift. [Citation.] While such subsequent declarations are admissible as bearing upon the question of delivery [citations] still that issue is to be determined by the trier of fact from all of the evidence submitted. Moreover, from the production by the grantee of the deed of gift a presumption of delivery arises and is in itself sufficient evidence to warrant a finding of the delivery and acceptance of the instrument. (*Barr* v. *Schroeder*, 32 Cal.

609; *Branson* v. *Caruthers*, 49 Cal. 374; *Tunison* v. *Chamblin*, 88 Ill. 378.)''

█ It was for the trial court to determine whether or not the presumption that the deed was delivered to the grantee was overcome.

█ Appellant next contends that the court could not properly construe the deed as conveying the property owned by the grantor. This contention cannot be sustained.

█ One of the basic rules in construing a deed is that ''a land description is good if it identified the land or affords a means for its identification.'' (3 American Law of Property, Deeds, p. 398.) █ As stated in *Hanlon* v. *Western Loan & Bldg. Co.*, 46 Cal.App.2d 580, pp. 600, 601 [116 P.2d 465]:

''Section 2077 of the Code of Civil Procedure provides in part:

'' 'The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful and there are no other sufficient circumstances to determine it:

'' '1. Where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false, does not frustrate the conveyance, but it is to be construed by the first-mentioned particulars. . . .'

''In applying the rule of construction above-stated, the courts of this and other states have established the rule that in interpreting a deed, and certainly the same rule should apply to a notice, that: 'If from the description in the deed, taking into consideration all its calls, it is possible by rejecting calls which are apparently false to ascertain its application to a particular tract of land as embraced within the description, the false call will be rejected and the deed sustained.' (*Hall* v. *Bartlett*, 158 Cal. 638, 642 [112 P. 176]; see also *People* v. *Ayer*, 18 Cal.App.2d 755 [64 P.2d 769]; cases collected in 9 Cal. Jur. § 158, p. 293; 26 C.J.S. § 90 et seq., p. 336; and 16 Am. Jur. § 263, p. 586.) Under this rule of construction the superfluous words 'Alameda County' could have been deleted from the notice, leaving the notice complete and correct.''

█ We quote the following from the trial court's memorandum opinion:

''In the deed from Mrs. Bidwell to the plaintiff the forty acres previously sold and conveyed by her is excepted and de-

scribed by metes and bounds. The first call in the excepted part conveyed to Rockwell shows very clearly that Mrs. Bidwell intended to convey the remainder of the property owned by her in said Section 22 to her daughter, the plaintiff. The call referred to reads as follows: 'Beginning at a point in the north line of Section 22 in Township 9 North, Range 1 West, M.D.B. & M., and situate N. 89° 37' W. 1516.65 feet from the ¼ corner common to Section 15 and 22 in said first mentioned Township and Range, and extending thence N. 89° 37' W. along the north line of said Section 22 a distance of 1085.85 feet to the point of intersection with the east line of the right of way of the Southern Pacific Railroad Company.'

"That call shows clearly that the forty acres conveyed to Rockwell had to be a portion of the northwest quarter of Section 22. By no stroke of the imagination could it be a portion of the southwest quarter of the section. The undisputed evidence establishes the fact that the quarter section from which she conveyed 40 acres to Rockwell was the quarter section she inherited from her husband.

"It is conceded that Florence Swain Bidwell owned no land in Section 22 except the quarter section of which she sold a portion to Rockwell. She must have intended to convey to the plaintiff all of the land she owned in said Section 22, which was the balance of the quarter section she inherited from her husband after deducting therefrom the 40 acres she had previously conveyed to Rockwell. The wording of the deed itself shows that such was her intention. The description reads: 'All that certain lot, piece or parcel of land situated in the County of Yolo, State of California, and bounded and described as follows: The Southwest Quarter (SW¼) of Section Twenty-two (22), Township Nine (9) North, Range One (1) West, M.D.B. & M., *less* the following described property: . . . ;' then appears the description of the 40 acres conveyed to Rockwell. She got everything in the deed right except she used the word, 'Southwest' instead of 'Northwest.' This was clearly an error. The evidence is sufficient to show that she intended to convey the northwest quarter less what she had conveyed to Rockwell.

"We must assume that she intended to convey something by reason of having made the deed. (*County of Los Angeles* v. *Hannon,* 159 Cal. 37 [112 P. 878, Ann. Cas. 1912B 1065].) She owned no land in the southwest quarter. She did own land in the northwest quarter. If the land really intended to be conveyed can be identified by monuments actually fixed

upon the ground, then the mistake as to the quarter section may be rejected as *falsa demonstratio*. (*Helm* v. *Wilson*, 76 Cal. 476, 484 [18 P. 604].) The monuments stated in the description of the 40 acres excepted in the deed show the land really intended to be conveyed to the plaintiff. (*Hall* v. *Bartlett*, 158 Cal. 638 [112 P. 176].) It is not necessary to bring an action to reform the deed.''

While the record amply supports the trial court's conclusion that the deed, properly construed, conveyed a good title to plaintiff, the court also found that the plaintiff had established a good title by adverse possession.

To establish title by adverse possession one must show:

1. Possession by actual occupation under such circumstances as to constitute a reasonable notice to the adverse party.

2. Possession hostile to the adverse party.

3. A claim to the property as one's own under color of title or claim of right.

4. Continuous and uninterrupted possession for five years.

5. The payment of all taxes for five years.

The record amply supports the court's finding hereinbefore set forth that since the recordation of the deed plaintiff, Alice R. Snavely, has been in possession of said property continuously, has claimed ownership of the same adversely to all others, and has paid the taxes thereon.

No other points raised require discussion.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.