433 P.2d 499

**Lillian WYNNE, daughter and sole heir of Transito Lopez, Deceased, Plaintiff-Appellee,**

v.

**Mary Louise PINO, Defendant-Appellant.**

**No. 8400.**

Supreme Court of New Mexico.

Nov. 13, 1967.

John E. Perry, Gallup, for appellant.

George E. McDevitt, Gallup, for appellee.

OPINION

OMAN, Judge, Court of Appeals.

This suit was filed July 1, 1965, by the New Mexico Veterans Service Commission as guardian of the estate of Transito Lopez, an incompetent, to have the court declare as null and void a deed executed by the ward on April 30, 1965, whereby he purportedly conveyed certain real estate to the defendant.

The defendant at the time was eighteen years of age. She was not related to Mr. Lopez, but her mother had lived with him for four years, from the time defendant was about six until she became ten years of age. During these four years defendant lived with her grandmother, but visited frequently with her mother and Mr. Lopez.

Mr. Lopez died on December 8, 1965, and will hereinafter be referred to as decedent. The plaintiff, Lillian Wynne, is the adopted daughter and sole heir of decedent. Upon her motion and by stipulation of the parties, she was substituted as the party-plaintiff by order entered March 29, 1966.

At the conclusion of the trial the court found in favor of plaintiff and entered a judgment declaring the deed void and cancelled. It is from this judgment that defendant has appealed.

Defendant relies upon two points for reversal. Her first point is that: "The Court should not have permitted amendment of the Complaint to add new issues to the case after both parties had rested."

After defendant had adduced her evidence and rested her case, the plaintiff, in response to an inquiry by the court, announced that she had no rebuttal testimony, but that she wished to amend her complaint to conform to the evidence.

She first moved to have her complaint amended to include a claim of undue influence upon decedent by defendant's mother. The court allowed the amendment, but made no findings or conclusions on

this issue, although plaintiff requested both a finding and a conclusion to the effect that decedent had been unduly influenced in executing the deed. The trial court's refusal to make a finding on this issue amounted to a finding against the plaintiff thereon. Tsosie v. Foundation Reserve Ins. Co., 77 N.M. 671, 427 P.2d 29 (1967); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852 (1963); Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700 (1963).

No contention is made that the evidence would not support a finding that decedent was free of undue influence in the execution of the deed, and, in any event, the plaintiff has not cross-appealed. Therefore, there is no question before us as to the propriety of the trial court's act in allowing this amendment.

Plaintiff also moved to have her complaint amended to include a claim "that there was no effective delivery in law of this deed by the grantor to the grantee." The only objections made by defendant to this motion were that she believed the record showed the deed was recorded; that if the deed were lost or destroyed after being recorded it was still effective; and that if a grantor takes a deed and records it, then that is equivalent to a valid delivery.

As we view these objections, they were simply that the evidence would not support a finding that the deed had not been delivered, and that the only finding and conclusion on this question which could be supported by the evidence was that a valid delivery had been accomplished.

Defendant's point 2, which will hereinafter be discussed, concerns itself entirely with the sufficiency of the evidence to support the trial court's findings that there was no actual or constructive delivery of the deed by decedent to defendant, and that it was decedent's intent not to deliver the deed but to retain control of it and the property and to defer any effective transfer of the title. The defendant's objections to the amendment are, therefore, properly relevant to her argument under point 2, but they do not present any question other

than that of the sufficiency of the evidence to support the court's findings.

However, we are of the opinion that defendant must fail under her first point for still other reasons. Even if we were to concede that the question of delivery of the deed could not have been properly litigated under the allegations of the complaint, still, if the issue was tried by express or implied consent of the parties, then the trial court was obliged to treat this issue in all respects as if it had been raised in the pleadings, even had the complaint not been amended. Rule 15(b), Rules of Civil Procedure (§ 21–1–1(15) (b), N.M. S.A.1953); Securities and Exchange Commission v. Rapp, 304 F.2d 786 (2d Cir.1962); Johnson v. Zia Co., 65 N.M. 463, 340 P.2d 403 (1959); Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837 (1957); Kaye v. Smitherman, 225 F.2d 583 (10th Cir.1955); Albers Milling Co. v. Farmers Produce Co., 222 F.2d 915 (8th Cir.1955). We have also held that if a material fact has been omitted from the pleadings, but the fact is litigated as if it had been put in issue by the pleadings, then it is the duty of the trial court to amend the complaint in aid of the judgment so as to allege the omitted fact. Canavan v. Canavan, 17 N.M. 503, 131 P. 493 (1913). See also El Paso Electric Co. v. Surrency, 169 F.2d 444 (10th Cir.1948).

The evidence relative to the question of delivery was in large part developed by the defendant, and that evidence relative to this question, which was developed by the plaintiff, was received without objection. Thus, insofar as the fact of delivery was litigated, it was done with the implied consent of defendant. 3 Moore, Federal Practice 994 (2d ed. 1964); Lomartira v. American Automobile Ins. Co., 245 F. Supp. 124 (D.C.Conn.1965); Hall v. National Supply Co., 270 F.2d 379 (5th Cir. 1959); Glenwood Range Co. v. Universal Major Elec. Appliances, 124 F.Supp. 103 (D.C.Md.1954).

Defendant would avoid the effect of Rule 15(b) by urging that the evidence touching on the fact of delivery only incidentally tended to prove this fact, and that the evidence was clearly admissible on the issue of incompetency of decedent, which issue was tried and upon which the court held for defendant. She relies upon the cases of Western States Mach. Co. v. S. S. Hepworth Co., 51 F.Supp. 859 (E.D.N.Y. 1943), and Simms v. Andrews, 118 F.2d 803 (10th Cir.1941), and upon the language found in 3 Moore, Federal Practice 992–993 (2d ed. 1964).

In Western States Mach. Co. v. S. S. Hepworth Co., supra, the court set forth as the reasons for denying the motion that:

"The motion will be denied, in the exercise of what is believed to be a sound discretion, first because a new issue is sought to be imported, and second because the Court cannot see from what has been shown in the record, that there is a fair chance for the defendant to succeed on that issue."

In Simms v. Andrews, supra, the motion to amend was made after the entry of judgment. An order was entered vacating the judgment so as to permit an amendment conforming to the proof. However, the amendment did not conform to the proof, but set up an entirely new defense. The court then vacated its order setting aside the judgment, and, in affirming this act of the trial court, the Court of Appeals stated:

"* * * For the first time he pleaded the statute of limitations. This was not one of the issues in the original trial. Any evidence introduced at the time of the trial tending to bear on the statute of limitations was incidental to the question of notice and was not introduced for the purpose of this defense. An amendment after judgment stating a new cause of action or a new defense is not permissible under the guise of conforming the pleadings to the proof and the court was right in striking the amendments from the records and reinstating the original judgment. * * *".

In 3 Moore, Federal Practice 991–992 (2d ed. 1964) it is stated:

"The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue —which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial. * * *"

We agree, but this is not the case before us. Much of the evidence offered by defendant herself, and much of that offered by plaintiff without objection, could have had no particular relevancy to the issue of incompetency, which defendant contends was the issue upon which this evidence was offered and received. As stated by Professor Moore on page 993 of his work, and while still discussing the same subject to which reference has just been made:

"* * * The test should be whether the defendant would be prejudiced by the implied amendment, i. e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory. * * *"

Although it appears to us that one of the theories upon which the case was tried was that of non-delivery of the deed, still, if defendant felt otherwise, she should have so stated in her objections to the motion, or should have asked leave to reopen her case, for a continuance, or even for a new trial, so that she could have offered additional evidence to rebut the evidence supporting the fact of non-delivery. See Branding Iron Club v. Riggs, 207 F.2d 720 (10th Cir.1953); Securities and Exchange Commission v. Rapp, supra.

■ Her sole objections, as above stated, were to the effect that the evidence which had been adduced established delivery. This is the position she still takes under her second point relied upon for reversal. She cannot now properly raise questions which were not raised in the court below. State ex rel. State Highway Comm. v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966); Associates Loan Co. v. Walker, 76 N.M. 520, 416 P.2d 529 (1966); Lovato v. Hicks, 74 N.M. 733, 398 P.2d 59 (1965); Davis v. Severson, 71 N.M. 480, 379 P.2d 774 (1963); Louderbough v. Heimbach, 68 N.M. 124, 359 P.2d 518 (1961).

■ Her second point relied upon for reversal is that there is no substantial evidence supporting the court's findings that there was no actual or constructive delivery of the deed to defendant, and that it was the intent of the decedent not to deliver the deed but to retain control of it and the property and to defer any effective transfer of title.

The deed was dated and apparently signed by decedent on April 30, 1965. It was acknowledged on May 1, and filed for record on May 3, 1965. Insofar as shown by the record before us, the deed, prior to being filed with the County Clerk for recording, was last in the hands of the attorney who prepared it. A will was prepared and executed by decedent at the same time, and this was delivered on May 1 to defendant's mother either by the decedent or by the attorney at the decedent's request. The record in the case fails to reveal who filed the deed for record or why it was recorded.

In addition to the foregoing stated facts, there is evidence to support the following:

(1) The decedent made statements to defendant's mother on March 30, 1965, to the effect that he wanted to leave his house to defendant. At that time he was a patient in the Veterans Administration Hospital in Albuquerque.

(2) After his return home from the hospital, he told defendant's mother that he wanted to have an attorney prepare some papers. Defendant's mother thereupon made arrangements with the attorney for the decedent to consult with the attorney about the preparation of these papers.

(3) Defendant's mother had told decedent that a person with whom she worked had advised her that leaving real property by will was dangerous, since the will could be contested and changed, and that she should tell decedent that when he made a will he should also make a deed.

(4) Defendant's mother understood that the deed was not to be effective until the death of decedent.

(5) The deed was never delivered to defendant or to her mother, and defendant had no knowledge of the deed until after the filing of the complaint in this cause.

(6) Neither the defendant nor her mother took possession of the property or exercised any control over it.

(7) Decedent in no way changed his manner of dealing with or controlling the property after the execution and the recordation of the deed.

(8) Both before and after the execution and recordation of the deed the decedent made efforts to sell the property. Later, when asked why he had been trying to sell the lots, when he had already "given those lots to this girl," he answered that he had not and that he could get those papers "and throw them in the wastebasket."

■ Defendant relies upon the presumption of delivery from the fact that the deed was recorded, and plaintiff concedes that the great weight of authority indulges such a presumption. Klosterboer v. Engelkes, 255 Iowa 1076, 125 N.W.2d 115 (1963); Graham v. Johnston, 243 Iowa 112, 49 N.W. 2d 540 (1951); Creighton v. Elgin, 395 Ill. 87, 69 N.E.2d 501 (1946); Chamberlain v. Larsen, 83 Utah 420, 29 P.2d 355 (1934). This presumption is not conclusive, but is rebuttable. Klosterboer v. Engelkes, supra; Thornton v. Rains, 157 Tex. 65, 299 S.W.2d 287 (1957); Chamberlain v. Larsen, supra. See also Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135 (1953).

■ The question of delivery is essentially one of fact as to the intent of the grantor, and any presumption arising from the mere fact of recordation is overthrown by the evidence that there was no delivery. See Watts v. Archer, 252 Iowa 592, 107 N.W.2d 549 (1961); DuBois v. Larke, 175 Cal.App. 2d 737, 346 P.2d 830 (1959); Thornton v. Rains, supra; Graham v. Graham, 213 Miss. 449, 57 So.2d 175 (1952); Hathaway v. Cook, 258 Ill. 92, 101 N.E. 227 (1913); McCune v. Goodwillie, 204 Mo. 306, 102 S.W. 997 (1907). See also Waters v. Blocksom, supra.

Even if we were to presume acceptance by the defendant as the grantee, because the conveyance would be beneficial to her and because she was a minor, still, in our opinion, the evidence as to the intent of decedent, together with the reasonable inferences deducible therefrom, was sufficient to overcome any presumption of delivery raised by the mere recording of the deed by someone. As stated by the Supreme Court of Oklahoma in King v. Antrim Lumber Co., 70 Okl. 52, 172 P. 958, 4 A.L.R. 21 (1917):

"* * * we are of the opinion, and so hold that, while the authorities are not entirely harmonious, the great weight of authority is that the recording of a deed to a minor is not such delivery as would pass title to such minor, unless it was the intention of the grantor that such recording was to operate as a delivery, so shown by evidence.

"The registry of a deed by the grantor might, perhaps, in the absence of opposing evidence, justify a presumption of delivery, but such presumption is repelled where the registry was made without the knowledge or assent of the grantee, and the property it purported to convey al-

ways remained in the possession and under the control of the grantor.  *  *  *"

See also the case of Younge v. Guilbeau, 70 U.S. 636, 3 Wall. 636, 18 L.Ed. 262 (1866).

The judgment should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.